## SUPREME COURT.

### KERR agt. BLODGETT and MEAD.
### WILSON agt. SAME.

A breach of trust, *in equity*, creates a debt in favor of the *cestui que trust*. It is doubtful whether there is any remedy *at law* against a trustee for a breach of trust.

If a trustee misapplies or wrongfully disposes of trust funds, the *cestui que trust* may, 1st, either take the security or other property in which the funds have been wrongfully invested, or demand judgment of the trustee; 2d, or may at his election either look to the trustee for payment, or follow the trust funds into the hands of any party taking them, with notice of the trust and of such misapplication or wrongful disposition.

An action calling upon the *assignees* of an insolvent debtor to account for and pay over the trust funds can be sustained, notwithstanding the complaint, anticipating the defence, improperly contains allegations going to show that a prior *judgment of distribution* was obtained against the assignees by collusion and fraud.

These unnecessary and premature allegations do not change the character of the action; and therefore the objection that the plaintiff in the judgment of distribution is not made a party to the action cannot be sustained.

*New York General Term, June,* 1863.

SUTHERLAND, INGRAHAM and CLERKE, *Justices.*

THESE were appeals from a decision rendered by Hon. W. F. ALLEN, dismissing the plaintiffs' complaints. The two causes were heard and decided together, joint appeals were taken, and a joint case made up. It appeared from the complaints, which were in substance conceded to be true, that the plaintiffs were judgment creditors of the special partnership of John Mead, Jr., in this city. This firm had failed and made an assignment to the defendants in these actions. By the terms of the assignment, and by force of the law, the plaintiffs would have been entitled to a dividend of about sixty cents on the dollar; after waiting for several years for their dividend, they commenced proceedings to recover that dividend, when they found out that a judgment of distribution had been obtained in a proceeding instituted by a creditor up in Albany, by force and effect of which it was claimed by

·the defence that the property had been distributed among the other creditors, and they claimed they were protected by the judgment.

On the other hand, the plaintiffs averred that the judgment was collusive, and was obtained by a breach of trust on the part of the assignees, in averring which they spread out in detail, over the pleadings, the facts necessary to the case.

His honor Judge ALLEN refused to admit evidence of the alleged misfeasance of the assignees, and held that the judgment of distribution obtained in Albany was a bar to the plaintiff's respective recoveries. From this judgment the appeal was taken to the general term in February, 1863.

D. McMAHON, *for the appellants.*

MR. BRINSMADE, *for the respondents.*

By the court, SUTHERLAND, P. Justice. The learned judge who dismissed the complaint in these cases at special term, must be deemed, in doing so, to have assumed that the allegations of the complaint, if true, showed that the defendants had been guilty of a breach of trust; that they had, knowingly and designedly, under the color or excuse of the judgment in the Reynolds action, suffered a misapplication of the trust funds, as the plaintiffs in these actions were entitled to under the trust created by the assignment : for the learned judge dismissed the complaint on the ground that the judgment in the Reynolds action was a bar to the actions, and that the judgment in the Reynolds action could not be attacked in these actions to which Reynolds was not a party.

A breach of trust, in equity, creates a debt in favor of the *cestui que trust.* (*Fonblanque's Eq., Book* 2, *chap.* 7, *sec.* 1, *and note* 6 ; *Vernon* agt. *Zandry, Barnard's Ch. R.*, 280 ; 2 *Atkyn,* 119.) If a trustee misapplies the funds of the

*cestui que trust*, the latter may either take the security or other property in which the funds have wrongfully been invested, or demand judgment of the trustee. (*Story's Eq.*, §§ 11, 12; *Steele* agt. *Babcock*, 1 *Hill*, 527.)

In case of a misapplication or wrongful disposition of trust funds by the trustee, the *cestui que trust* may, at his election, either look to the trustee for payment, or follow the trust funds into the hands of any party or parties taking them, with notice of the trust and of such misapplication or wrongful disposition.

Either of these remedies would be in equity. It is not clear that there is any remedy at law against a trustee for a breach of trust. (*See Fonblanque's Eq.*, *note 6, above cited.*)

The judge below dismissed the complaint in these actions on the theory that the actions were brought to set aside the judgment in the Reynolds action, and to reach the trust funds, or so much thereof as the plaintiffs were entitled to, in the hands of the parties to whom it had been distributed under color of that judgment. He was no doubt led to take this view of the actions from the fact that the complaints, unnecessarily and improperly anticipating the defence, attacked the judgment in Reynolds action. Had they omitted to make any allusion to the Reynolds action, or the proceedings and judgment in it, but had simply called upon the defendants to account for and pay over the dividends to which the plaintiffs were entitled, when on the trial the defendants came to set up the judgment in the Reynolds action as a defence, I do not doubt that the judge would then have permitted the plaintiff to prove the facts stated in the complaint to show that that judgment was obtained by collusion, and was at least constructively fraudulent.

A breach of trust is a wrong, and a constructive fraud upon the *cestui que trust*. A trustee cannot take advantage of his own wrong, by setting up his own breach of

trust.   Hence we are to presume, if the judge below had looked upon these actions simply as actions to compel the defendants to account as trustees, and to pay to the plaintiffs the dividends or proportions of the trust funds to which they were entitled, that upon the defendants showing on the trial that the trust funds had been distributed or disposed of, by or under the judgment in the Reynolds action, the plaintiffs would have been permitted to show that that judgment was obtained or suffered by collusion, and under circumstances which showed that such distribution or disposition of the trust funds as to the plaintiffs was a breach of trust.

It is plain that these actions should be looked upon simply as actions calling upon the trustees to account and pay over.

The unnecessary and premature allegations in the complaints, as to the Reynolds action and judgment in it, do not alter the character of the actions, and should not prevent the plaintiffs obtaining the relief they ask for.

It is true, there was no necessity for more than one action.   The plaintiffs might have joined in bringing one action; or, either Kerr & Morgan, or Wilson might have brought an action in the name of themselves or himself, and all other creditors similarly situated.

But the complaints were not dismissed for any defect in their frame or of parties plaintiff, and probably any such defect was no ground for dismissal.

My conclusion is, that the judgment appealed from should be reversed, and a new trial ordered, with costs to abide the event.