IN THE MATTER OF THE ATTORNEY-GENERAL *v.* THE CONTINENTAL LIFE INSURANCE COMPANY.

Upon application made by the attorney-general under the act of 1853, in reference to life insurance companies (§ 17, chap. 463, Laws of 1853), for the dissolution of a life insurance company, an order of reference to take proofs touching the application was granted.   The motion was opposed upon affidavits to the effect that the corporation had already been dissolved by a judgment in an action brought under the provisions of the Revised Statutes (2 R. S., 464, § 39), providing for proceedings against corporations in equity, in which action a receiver had been appointed.   *Held*, that the order did not involve a decision as to the effect of the judgment or the rights of the parties; that it was simply an interlocutory, not a final order; that it did not affect a substantial right; and, therefore, was not reviewable here.

(Argued January 23, 1877; decided January 30, 1877.)

THE nature of the appeal and the facts are set forth sufficiently in the opinion.

*Geo. W. Miller* for the appellants.   The order of reference was without jurisdiction, and is therefore appealable.   (*Tracey v. First. Nat. Bk. of Salina*, 37 N. Y., 523 ; *Townsend v. Hendricks*, 40 How. Pr., 143, 161 ; *People v. Hawes*, 34 Barb., 69 ; *Batchellor v. Alb. City F. Ins. Co.*, 31 N. Y. Supr. C., 346 ; 6 Abb. [N. S.], 240 ; *Atkinson v. Allen*, 12 Vt.,

617; *Bridgeport Ins. Co.* v. *Wilson*, 34 N. Y., 281; Truman on Judgments, §§ 335, 336.)

*Henry Smith* for the respondent. The order appealed from was interlocutory and not appealable. (*People* v. *Howes*, 34 Barb., 69.)

CHURCH, Ch. J. This is an appeal from an order of the General Term of the Supreme Court in the third judicial department affirming an order of reference made at the Special Term of the Supreme Court in Albany to take proof touching the application of the attorney-general for a dissolution of the Continental Life Insurance Company. The application was made under section 17 of chapter 463 of the Laws of 1853, which expressly confers power upon the court to order a reference to inquire into and report upon the facts stated in the petition. I do not understand that the inquiry under the order was intended to embrace any thing else. The principal fact alleged, which, if true, confers upon the court jurisdiction, is the inability of the corporation to reinsure its outstanding risks. In opposition to the motion for the order, affidavits were presented stating that the corporation had already been dissolved by a judgment duly entered in the Supreme Court in Kings county in an action brought by a stockholder under the provisions of the Revised Statutes relating to proceedings in equity against corporations (2 R. S., 464, § 39), in which a receiver had been appointed who had duly qualified and taken possession of the assets of the company, and it is claimed that the proceedings and judgment in that action are a bar to the application, and that the court had no power to make the order appealed from.

On the part of the attorney-general it is insisted that the court had no power, under the Revised Statutes, to decree a dissolution, and that the judgment is void, and if not void that the judgment itself reserves in effect the right of the attorney-general to institute this proceeding.

The questions involved under these respective claims are

important, and not free from difficulty, but we think that they are prematurely presented. The court below did not necessarily pass upon any of these questions. It merely made an order to inform itself of the facts upon which the application was based, in a formal and authentic manner. Beyond this it cannot be affirmed that any adjudication was made. The order is interlocutory and harmless so far as the rights of the receiver already appointed or of any of the parties are concerned. Strictly, the court has not decided to entertain the application except for the preliminary purpose of ascertaining the truth of the facts stated, and this did not necessarily involve a decision as to the effect of the judgment entered in Kings county. It is only *actual determinations* of the court below involved in certain orders that are reviewable. The order is not, therefore, appealable. It is not a final order under the third subdivision of section 11 of the Code, nor does it affect a substantial right so as to bring it within the fourth subdivision. We cannot presume that there will be a conflict of jurisdiction between the two branches of the Supreme Court and we are disinclined to consider questions in anticipation of such a result. "Sufficient unto the day is the evil thereof."

The receiver appointed in the action of the stockholder, is not, and cannot be interfered with by the order appealed from, nor are his powers abridged, or in any manner affected by it.

The appeal must be dismissed.

All concur.

Appeal dismissed.