Westbrook, J.
On July 21, 1877, in a proceeding instituted by the attorney-general of the State, under chapter 902 of the Laws of 1869, against the Atlantic Mutual Life Insurance Company, Mr. Edward New-comb was appointed receiver thereof.
On April 4, 1879, an order was made appointing Abraham V. De Witt, of the city of Albany, referee, *140 to pass upon claims against the corporation, and he was directed to advertise for such, claims for the space of eight weeks. The referee has advertised as he was directed in the- State paper, in the New York Herald and in the Nevo Yorlc Evening Express.
In July, 1878, the receiver also mailed to all policyholders of the company a printed notice, requiring them to forward to him their policies of insurance, together with the last renewal receipt, “for the purpose of classification and proof of claim.” Louisa Fischer, one of the parties in whose behalf this motion is made, was one of the persons to whom such notice was sent.
On December 15, 3880, the report of Mr. De Witt was filed in the clerk’s office of Albany county, and a copy thereof and notice of its filing served and given to all the attorneys, who had been allowed to intervene, including Mr. Barnes who makes this motion, on December 16, 1880.
On the 15th of December aforesaid, a printed postal card was also mailed to Louisa Fischer, at her place of residence, by which she was notified of the filing of such report.
By order of this court, made August 27, 1881, and entered November 3, 1881, on notice to all parties who have appeared, the receiver was directed to pay “a dividend of forty per cent, upon the amounts of the liability of the said company, as reported by the referee, Abraham V. De Witt, Esq., upon the registered policies and annuities contained in schedules marked A, B and C, referred to and forming a part of said report, to the liar ties entitled thereto, such dividends amounting to $103,054.61.”
By another order of this court, made December 17, 1881, and entered December 23, 1881, after notice to all parties appearing in the proceeding, a further order, was made to pay a second “ dividend of thirty-five per cent, upon the amount of *141 the liability of the said company, as reported by said referee upon said registered policies and annuities, and to pay a dividend of twenty and one-quarter per cent, to such registered policy-holders as had been paid a dividend of fifty-four and three-quarter per cent, in Canada.”
The same order also provided for a dividend of twenty-five per cent, to unregistered policy-holders, reported by said referee, and who had received no dividend out of the deposit made in Canada ; and also a dividend of twenty-five per cent, upon claims against the company, not founded upon policies of insurance, and which had been allowed by the referee.
The dividends so declared by the last order, on registered policies, amounted to the sum of $112,164.81, and in non-registered policies and other claims to $155,006.18. Most of the dividends ordered have been paid.
Mr. Barnes, in behalf of Charles O. Fischer, "and Louisa his wife, “ the insured and beneficiary under Policy No. 9,906” of the corporation, moves that an order be made directing the receiver to advertise for claims for the space of six months, as required by the Revised Statutes in certain cases. No excuse is tendered for the non-presentation of the claim, in behalf of which this motion is made, but it is insisted that the statute requires a six months advertisement to bar claims, and until that is done, no claim can be barred. Both the receiver and the attorney-general oppose the demand, and it must therefore be examined.
Unless a statute directs a publication for a specific time, it must be conceded that the court has a discretion to exercise in that particular (Kerr v. Blodgett, 48 N. Y. 62*). Does any statute direct .an advertisement for claims in a proceeding of this character for the period of six months % The counsel for the moving *142 parties insists that section 56 of article 2, title 4, chapter 8, part 3 of the Revised Statutes (2 R. S. 466, § 56 ; 2 Edm. St. 487) requires it. That section reads as follows : “ Whenever • any bill shall be filed, or any application made against any corporation, its directors or other superintending officers, or its stockholders, according to the provisions of this title, the court may, by injunction, on the application of either party, and at any stage of the proceedings, restrain all proceedings at law, by any creditor, against the defendants in such suit; and whenever it shall appear necessary or proper, may order notice to be published, in such manner as the court shall direct, requiring all the creditors of such corporation to exhibit their claims and become parties to the suit, within a reasonable time, not less than six months from the first publication of such order, and in default thereof, to be precluded from all benefit of the decree which shall be made in such suit, and from any distribution which shall be made under such decree.”
It will be observed that the section referred to, by its express language, has reference only to “any bill filed, or any application made against any corporation, its directors or its stockholders, according to the provisions of this titlef that is to say, when the bill is filed, or the application made under article 2, title 4, chapter 8, part 3 of the Revised Statutes. The proceedings in this matter were not under the Revised Statutes, but under chapter 902 of the Laws of 1869, which makes no reference whatever to the statutes containing the section which has been quoted. It is not seen how a section of a statute, which refers and is applicable only to proceedings thereunder, can be obligatory upon, and control proceedings initiated under, and controlled by, an independent enactment. To hold that it does, would be judicial legislation. The time of advertising for claims, required by *143 the Revised Statutes, is not unreasonable, but in view of the fact that all policy-holders have had actual notice by mail to present their claims, and also notice of the filing of the referee’s report, and that in addition thereto there was an advertisement for eight weeks in three daily papers of large circulation, it would be an unreasonable exercise of discretion to require any further notice.
The proceedings against the Security Company (78 N. Y. 114), the Guardian Mutual (77 N. Y. 272), and the Continental (68 N. Y. 343), were all had under the act of 1853 (c. 463), by section 11 of which, corporations formed thereunder were made “subject to" all the provisions of the Revised Statutes in relation to corporations, so far as the same are applicable, except in regard to annual statements, and other matters herein otherwise specially provided for” (Attorney-General v. Continental Life Ins. Co., 53 How. Pr. 16). In People v. Security Life Ins. Co. (78 N. Y. 114), the advertisement had been made for the period of six months, and the applicability of the statute requiring a publication for that period was rather assumed than decided. Without, however, criticising these decisions it will be remembered that the act of 1869, under which the present proceeding was instituted, contains special provisions regulating the appointment of a receiver (§ 7) and the distribution of its assets (§ 8). The proceeding is a summary one, and is' inconsistent with the section of the Revised Statutes hereinbefore given, which section cannot apply by force of the act of 1853, which subjects corporations formed under such act to such provisions of the Revised Statutes only, as are applicable to them. Attention to the language of the section of the Revised Statutes requiring the six months’ publication will show its inapplicability. It provides for a six months’ publication for the purpose of requiring all the creditors of such corporation “to *144 exhibit their claims and become parties to such suit” The act of 1869, on the contrary, designates, as has already been stated, the cause for the appointment of a receiver, the manner of his appointment, the steps to be taken to ascertain the situation of the corporation thereafter, when and upon what and how the assets of the corporation shall be converted into money, and the order of distribution after such proceeds shall have been paid to such receiver. The effect of these provisions is, that the assets of the corporation must come into the receiver’s hands for distribution,without making any creditors “parties” to the proceeding. How, and in what manner, the receiver or the court must proceed to ascertain the claims upon the fund is not declared, and hence the court may adopt such course of procedure as to it may seem just. It seems clear, however, that a statute, which contemplates a “suit” against the corporation, and the making of the creditors “ parties to such suit ” in order that their claims may be established therein, can have no application to a proceeding, which must be against the corporation alone, and in which no step is taken for distribution of the assets, until after the same shall have been obtained for that purpose by the court through its officer. When the fund has been gathered for distribution, and only then, can the court take steps to ascertain the parties entitled to a share therein ; and such proceedings are necessary after the decree or order against the company, and not prior thereto, as provided by the Revised Statutes. It is true that an order requiring a publication for the period of six months, of a notice to all claimants to present their demands, is not inconsistent with the act of 1869, and the court could properly order such a notice. The point is not what may be done, but what is required to be done. The Revised Statutes only require such a publication in a “suit” instituted according to its provisions, and they contem *145 plate all creditors becoming “parties to such suit” whilst the same is, pending and before a decree. Coupled, as the provision for advertisement is, with the proceedings of a regular action in equity, its command to advertise for a prescribed period in such an action cannot be declared obligatory upon a proceeding entirely different in form, especially when such command is expressly limited to a suit instituted under the provisions of the Revised Statutes.
For the reasons, which have been given : First. That this proceeding was not under the Revised Statutes, but under the act of 1869, and the statute only requires a publication for six months when a suit has been brought under the Revised Statutes. Second. That the provisions of the section relied upon (mating creditors parties to the suit) are inapplicable to this proceeding; and, Third. That, reasonable notice has been given to' creditors to present their claims—this motion must be denied. As, however, the question is a novel and doubtful one, no costs are imposed.

 A previous decision here modified, is reported in 16 Abb. Pr. 137.