In the Matter of the Assignment of CHARLES W. F. DARE to CHARLES A. FULLER for the Benefit of Creditors.

(Decided June 1st, 1885).

The fact that actions are pending in another court against an assignor and assignee under a general assignment for benefit of creditors, to set aside the assignment, is not a bar to a proceeding in this court to compel the assignee to account; nor does it present a reasonable excuse for delaying the account.

APPEAL from an order of this court requiring an assignee for benefit of creditors to make and file his account.

*P. & D. Mitchell*, for the assignee, appellant.

*E. L. Bushe*, for the North River Bank, a creditor, respondent.

ALLEN, J.—This is an appeal from an order of the Special Term requiring Fuller, as assignee of Dare, to make and file his account.

Dare made a general assignment to Fuller, September 25th, 1883. More than a year having elapsed, the North River Bank, a creditor, filed a petition for a citation to the assignee, and on February 24th, 1885, a citation was issued requiring him to show cause why he should not make and file an account. On the return of the citation the order appealed from was made.

It is contended on the part of the assignee that he ought not to be compelled at this time to proceed to an accounting for the reason that two suits are pending against him and his assignor in other courts to set aside the assignment.

Where proceedings have been taken in another court, having jurisdiction, to compel an assignee for the benefit of creditors to execute his trust and distribute the funds in his hands, this court will make no order for that purpose (*Mat-*

*ter of Cromien*, 10 Daly 41). But the suits above referred to are plainly not such proceedings. The purpose of this statute which provides for an accounting, cannot be effected in these actions, and any judgments which may be rendered in them will bind no one save the parties to them.

The pendency of these actions therefore constitutes no bar to the accounting by the assignee in this court; nor does it present a reasonable excuse for delaying the account.

More than a year and a half has elapsed since the filing of the assignment. The assignee has failed to point out in what way an accounting will be prejudicial to the rights of the creditors, who are the persons most concerned in the matter. It may be assumed that the interest of the creditors will be promoted by a speedy settlement of the estate.

If the pendency of an action by a creditor to set aside the assignment is to be held to be a sufficient ground for deferring an accounting by an assignee, it is easy to see that the performance of that duty may be delayed indefinitely by an assignee who for any reason is disinclined to render an account of his trust.

The order appealed from must be affirmed.

J. F. DALY, J., concurred.

Order affirmed.