Dwight, J.
The action was in the nature of a creditors’ bill, to set aside a voluntary assignment on the ground of fraud. The assignment wras made by the defendants McTighe & Carringer, who were partners in business, and, as such, were debtors in failing circumstances. The defendants Scott & White were the assignees named in, and who accepted, the assignment, ostensibly for the benefit of creditors. They were also partners in business, and, as such, creditors of the assignors; and the debt due to them was, aside from wages due to employes, the only one to wdiich preference was given in the assignment. The plaintiff was also a creditor of the assignors, and had exhausted his legal *497 remedies for the collection of the debt due him before the commencement of this action. The fraud alleged was the concealment and withholding from the operation of the assignment, of assets of the debtors, with intent to hinder, delay, and defraud their creditors. The evidence abundantly established the fact of such suppression and disposition of assets, and warranted the inference of fraudulent intent on the part of the assignors. There was some evidence which tended to charge the assignees with knowledge of such fact and intent, but the referee found in accordance with evidence to the contrary, and acquitted the assignees of knowledge of the fraud, and of fraudulent intent. The latter finding has no effect to save the assignment from the effect of the fraudulent act and intent of the assignors. The assignment being a voluntary one, the assignees are not entitled to the character of bona fide purchasers for value, and it was not necessary to show, in order to avoid the assigment, that they were in complicity in the fraud, or chargeable with knowledge of the fraudulent intent of their assignors. Rathbun v. Platner, 18 Barb. 272; Griffin v. Marquardt, 17 N. Y. 28. Some evidence was received of declarations by the assignors, after the assignment, tending to charge the assignees with guilty knowledge. The evidence was not properly admissible, but since the referee found the fact against such evidence the error was immaterial, and the exception may be disregarded. Some months after the commencement of this action the plaintiff, having been served with a printed copy of the assignees’ notice to creditors to present their claims, caused a verified statement of his claim to be presented to the assignee. This proceeding can have no effect upon the rights of the plaintiff already asserted in this action, and put in issue by the answers of the defendants. It was done without the advice of his attorneys, and cannot have the effect of a stipulation in the action. The plaintiff took nothing by the proceeding, and asserted nothing which was inconsistent with the allegations of his complaint. The referee’s findings of fact seem to be supported by the evidence, and to support, in turn, his conclusions of law. There is no exception in the case which points to any material error. The judgment should be affirmed, with costs, payable out of the assigned estate. All concur. So ordered.