### LOUIS *et al. v.* BELGARD *et al.*

(*Supreme Court, General Term, First Department.* February 18, 1892.)

1. CREDITORS' BILL—PLEADING—BENEFIT OF OTHER CREDITORS.
   An action by a creditor to set aside alleged fraudulent transfers by a deceased insolvent debtor must be prosecuted for the benefit of other creditors interested as well as himself, and that it is so prosecuted must appear on the face of the complaint, a statement to that effect in the title of the cause being insufficient.

2. PLEADING—CONCLUSIONS OF LAW.
   A complaint to set aside alleged fraudulent transfers by a deceased insolvent debtor, which alleges that plaintiff has a claim for goods sold and delivered by him to decedent, without alleging a sale, value, or agreed price, is insufficient as stating a conclusion of law.

Appeal from special term, New York county.

Action by Samuel Louis and another against Julia Belgard, Eugene Fishel, Willard P. Reid, and others, to set aside alleged fraudulent transfers made by Simon Belgard, deceased, in his life-time, and to compel defendants to account for the proceeds of such transfers. Plaintiffs appeal from an order and interlocutory judgment sustaining a demurrer to the complaint. Affirmed.

Argued before VAN BRUNT, P. J., and LAWRENCE and O'BRIEN, JJ.

*Gruber, Bard & Landon,* (*Henry L. Landon,* of counsel,) for appellants. *Fishel & Reid,* (*Eugene Fishel,* of counsel,) for respondents.

VAN BRUNT, P. J. The plaintiffs, claiming to be creditors of one Simon Belgard, deceased, who was insolvent, bring this action alleging that they had a claim against deceased in the amount of $375.25, which arose on account of goods, wares, and merchandise sold and delivered by the plaintiffs to said Simon Belgard between certain dates; that Belgard died, and before his death fraudulently transferred his stock in trade, and the proceeds of such transfer were received by the defendants herein, Belgard, Eugene Fishel, and Reid, who deposited the same with the defendants the Farmers' Loan & Trust Company and Leopold Fishel; that the defendants Fishel, Reid, or Belgard were not creditors of the deceased; and that they still hold possession of the proceeds of said transfer. Judgment is demanded that the defendants Eugene Fishel, Reid, and Belgard account for the said sum, etc. A demurrer was interposed upon the ground that the complaint did not state facts sufficient to constitute a cause of action. This demurrer was sustained, and from the judgment thereupon entered this appeal is taken.

An action by a creditor at large of a deceased insolvent debtor to set aside fraudulent transfers of property by the deceased can only be maintained by such creditor for the benefit of himself and other creditors interested in the estate or property of such deceased debtor, and therefore, unless it appears upon the face of the complaint that the action is being so prosecuted, no cause of action is set up. The complaint in the case at bar contains no allegation or statement that it is so brought. It is true that in the title of the action these words appear; but there is nowhere any statement that the action is so brought, and it seems to us that this must appear as distinctly as any of the other averments.

There is another ground upon which this demurrer should have been sustained. The action can be brought by a creditor, and his claim or demand, if disputed, must be proved and established upon the trial of such action. The creditor must thus show that he has a cause of action, and consequently must allege the facts in the same manner as if suing thereon, because his claim must be proved if disputed. The plaintiffs, in their complaint, nowhere set out a good cause of action. It is manifestly insufficient in that only a conclusion is stated that the creditor has a claim, without alleging the facts upon which it arises. It is alleged that the plaintiffs have a claim for goods sold and delivered, without any allegation that the plaintiffs ever sold the deceased any goods; neither is there any allegation as to value or agreed price, —allegations absolutely insufficient to sustain a cause of action. The complaint is for this reason plainly insufficient. The demurrer should be sustained, with costs of appeal and the disbursements, and with leave to the plaintiffs to amend on payment of costs and disbursements of this appeal and the costs and disbursements in the court below. All concur.