JOHN TURNEY, Appellant, *v.* HENRY M. VAN GELDER, CHARLES VAN GELDER and HENRY J. NEWTON, as Assignee for the Benefit of Creditors of VAN GELDER BROTHERS, Respondents.

*Assignment for the benefit of creditors — action to set aside the assignment for fraud, brought after a judgment for an accounting by the assignee — fraudulent intent in making the assignment.*

*Semble,* that a judgment obtained in an action brought by certain judgment creditors on behalf of themselves and of all others similarly situated, to compel an assignee for the benefit of creditors to account and to distribute the avails of the assigned estate, followed by an accounting before a referee and the entry of an order discharging the assignee, is not a bar to an action subsequently brought by another judgment creditor, who had no notice that the judgment in the action for an accounting was to be entered or of the subsequent proceedings thereon, to set aside the assignment as fraudulent. (*Kerr v. Blodgett,* 48 N. Y. 62, distinguished.)

*Query,* whether a creditor who has verified and presented his claim to an assignee for the benefit of creditors can thereafter commence and maintain an action to set aside the assignment as fraudulent.

The facts that an assignor for the benefit of creditors has been employed by the assignee to prepare for market unmanufactured stock belonging to the assigned estate, and for that purpose is left in possession of the assigned estate, and that the assets of the estate bring but about half of their inventory value, are not of themselves proof of fraud in the making of the assignment, but may be justified by the circumstances.

The fact that property belonging to an estate assigned for the benefit of creditors is bid in on public sale by third persons in the interest and for the benefit of the wife of the assignor is, in the absence of evidence that the sale was collusive or that the property brought less than it was worth, slight, if any, evidence that the assignment was made with a fraudulent intent.

APPEAL by the plaintiff, John Turney, from a judgment of the Supreme Court dismissing the complaint upon the merits, entered in the office of the clerk of the city and county of New York on the 11th day of January, 1893, upon a decision of the court rendered at the New York Special Term.

For some years prior to May 9, 1887, Henry Van Gelder and Charles· Van Gelder were partners under the firm name of Van Gelder Bros., and engaged in manufacturing leather for hatters, at 97 Spring street, New York. On the date mentioned they made a general assignment to Henry J. Newton for the benefit of creditors. The partners were owing no individual debts, and the assignment covered partnership and individual property. By the assignment the employees of the firm were preferred. After paying those claims the assignee was directed to pay the indebtedness of the firm to himself, and secondly the claims of three other creditors. After the payment of these preferred debts the assignee was directed to distribute the remainder *pro rata* among the other creditors of the assignors. The assignee accepted the trust and entered upon its execution. The usual notice to present claims was sent to the creditors, and February 20, 1889, the plaintiff filed proof of his debt with the assignee. May 31, 1890, the plaintiff recovered a judgment on this claim against the assignors for $15,306.68, and an execution was issued thereon, which was returned wholly unsatisfied. On the 26th of October, 1889, John M. Jones and others, who were judgment creditors of Van Gelder Bros., began an action in the Supreme Court against the assignee and assignors to compel the assignee to account for the assigned estate and distribute its avails among the creditors. The action was brought " on behalf of them-

selves and all other creditors of the defendants, Henry Van Gelder and Charles Van Gelder, who shall come in, seek relief and contribute to the expense of this action."

It was also alleged, " That the question which is the subject of this action, is one of common and general interest to many persons who are interested in said trust estate. That said creditors, as plaintiffs are informed and believe, are very numerous, and that some of them are unknown to plaintiffs, and cannot with diligence be found by them, and that it is impracticable, therefore, for plaintiffs to bring them all before the court in this action, and for these reasons sues for the benefit of all."

The assignee answered. After issue joined a reference was ordered to take and state the account of the assignee, to ascertain and report the amounts due and owing the plaintiff and the other creditors of the assignor. The referee was also directed to fix a date for the hearing, and give notice thereof to the creditors. The referee gave due notice to all creditors that the hearing would be had February 28, 1890. On July 7, 1890, the referee made his report, which, on the 7th of September, 1890, was confirmed by the court.

It appears by the report that after paying $650.75, the wages of employees of the firm, the expenses of the assignment of the action and accounting, there was insufficient to pay the preferred claim of the assignee. On the 17th of November, 1890, an order was entered in the action, wherein Jones and others were plaintiffs, discharging the assignee and the sureties on his bond. The plaintiff had no notice that the judgment was to be entered, nor of the motion to confirm the report, nor of the motion to discharge the assignee. On the 17th of July, 1890, ten days after the date of the referee's report, this action was begun to set aside the assignment on the ground that it was executed with the intent on the part of the assignors and assignee to defraud the creditors of the assignors.

*Blumenstiel & Hirsch,* for the appellant.

*E. H. Benn,* for the respondents.

Follett, J.:

The respondents insist that the judgment and the order discharging the assignee entered in the action brought by Jones are a bar to this suit, and cite in support of their position, *Kerr* v. *Blodgett*

(48 N. Y. 62). *Kerr's* case was an action brought to compel the assignee to account. A previous action had been begun in the same court for the same purpose, by a creditor, in his own behalf, as well as in behalf of all others similarly situated. A decree was entered in the first action, and a report was made, which was confirmed before Kerr's action was begun. It was held that both actions being for the same purpose, the second action could not be maintained. The facts in *Kerr's* case are more fully reported in 16 Abb. 137, and 25 How. Pr. 303. The case at bar does not ask for the same relief that was sought in the action brought by Jones — an accounting — but seeks to have the assignment set aside as fraudulent. The action of Jones was in aid of the assignment, and the relief which this plaintiff seeks could not have been given in it. The order discharging the assignee has no greater force than the judgment on which it rests.

The respondents also insist that the plaintiff cannot maintain this action because he verified and filed his claim with the assignee, and in support of this position they cite *Cavanagh* v. *Morrow* (67 How. Pr. 241); *Wilson* v. *Daggett* (9 N. Y. Civ. Pro. Rep. 411), and *McLean* v. *Prentice* (34 Hun, 504; affd., 109 N. Y. 666.)

*Cavanagh's* case was brought to set aside an assignment as fraudulent. The plaintiff in that action had filed his claim with the assignee, and appeared on the accounting in the Court of Common Pleas, and interposed objections to the assignee's account. The account and objections were referred to a referee, who made his report. It was held that Cavanagh, having filed his claim and participated in the accounting, had elected to take under the assignment, and could not afterwards maintain an action to set it aside.

In the case at bar, the court did not find that the plaintiff took part in the accounting, but simply that he verified and filed his claim with the assignee before the action for an accounting was begun. In *Wilson* v. *Daggett*, it was held that a creditor who had filed his claim and proved it in proceedings for an accounting pending in the Common Pleas, could not maintain an action to set aside the assignment. Precisely what was done by the creditor on the accounting does not appear in the report of the case. No action was pending to set aside an assignment, the question being whether the examination of the assignor in proceedings supplementary to execution

should be limited to transactions since the assignment. The question now under consideration was not involved in that case.

In *McLean* v. *Prentice* it was held that an action to set aside a general assignment as fraudulent brought several months after the assigned estate had been distributed under the decree of the court, could not be maintained. In *Schofield* v. *Scott* (3 N. Y. Supp. 496; S. C., 20 N. Y. St. Repr. 815) it was held that filing a claim after an action had been brought to set aside an assignment as fraudulent, was not a defense to the action. Whether a creditor who has verified and presented his claim to an assignee, can thereafter commence and maintain an action to set aside an assignment as fraudulent, does not seem to have been decided, and under the facts as found in this case it is not necessary now to determine the question.

The court found that the assignment was not fraudulent in fact. The facts relied upon by the plaintiff as evidence of fraud were, that the assignors were employed by the assignee to get the unmanufactured stock ready for market, and were for that purpose left in possession of the assigned estate, and that the assets of the estate brought but about fifty per cent of their actual value as stated in the inventory. The evidence is, that the property in the condition that it came into the hands of the assignee, was of little value, and not marketable until it was manufactured into the article for which it was designed. The goods, consisting of skins, were made into "hat sweats" by the assignors for the assignee, and when sold the avails were deposited to the credit of the assignee in a separate account. There is no evidence that the assignors derived any personal benefit from their employment, or that there was any understanding previous to the assignment that they should be employed. They received no compensation for their services, but were allowed to use the machinery to manufacture from new stock furnished them by friends. By the inventory, the assets were estimated to be of the actual value of $8,585.86, but they brought only $4,433.21. It is argued that this is evidence of fraud, but there is no evidence that any of the property was wasted, or that any was sold for less than its value. The court found, upon undisputed evidence, " that as soon as the stock of the assigned estate had been disposed of and in about the month of March, 1888, the assignee sold at auction the machinery, fixtures, furniture and all

the remaining unmarketable assets of the assigned estate. That said sale was openly, fairly and duly made through Messrs. Mallaby & White, auctioneers, and the property was duly struck off to the highest bidder. That thereafter the said assignee sold at public sale the individual estate of Henry Van Gelder, consisting of six lots of land at Fort Lee, New Jersey, to Benjamin W. Jones for $200, he being the highest bidder at such sale. That the course pursued by the assignee in the disposal of the stock and assigned estate was in the best interest of the creditors." There is no evidence tending to show that these sales were not duly advertised and fairly conducted, nor that any of the property was sold for less than its value. The fact that this property was bid in by third persons in the interest and for the benefit of the wife of one of the assignors is, in the absence of evidence that the sale was collusive, or that the property brought less than its worth, but slight, if any, evidence that the assignment was made with a fraudulent intent. There is no evidence that Mrs. Van Gelder did not pay the full value of the property from her own means. If she did she had the same right to purchase that any person had.

We think that the finding, that the assignment was made in good faith, and not with intent to defraud creditors, is sustained by the evidence, and the judgment should be affirmed, with costs.

VAN BRUNT, P. J., and O'BRIEN, J., concurred.

Judgment affirmed, with costs.