(9 Misc. Rep. 650.)

### In re GINSBERG.

(Common Pleas of New York City and County, Special Term. September, 1894.)

1. RECEIVERS—RIGHT TO ESTATE—EFFECT OF FRAUDULENT ASSIGNMENT.

As between an assignee for the benefit of creditors, proceeding to liquidate the insolvent estate in the court of common pleas, and a receiver in the superior court, under a judgment vacating the assignment for fraud, the receiver is entitled to so much of the fund in the hands of the assignee as is requisite to satisfy the judgment.

2. ASSIGNMENT FOR BENEFIT OF CREDITORS — ACCOUNTING — ADJUDICATION OF ANOTHER COURT.

The assignment proceeding continues, however, in the court of common pleas; and an accounting under the judgment of the superior court is no bar to a compulsory accounting by the assignee in the court of common pleas.

3. SAME—LIABILITIES OF ASSIGNEE'S SURETIES.

If, upon such latter accounting, the assignee be found in default, his surety may be prosecuted, but only for the benefit of creditors claiming under the assignment.

(Syllabus by the Court.)

Proceeding to compel an accounting by the assignee in the assignment of Morris Ginsberg.

Chas. J. Patterson, for the motion.
George Carlton Comstock and Franklin Bien, opposed.

PRYOR, J. On the removal of an assignee for the benefit of creditors, a substitute was appointed, and to this successor the assignee was directed to deliver the fund in his possession, and enjoined from otherwise disposing of it. The order provided also that the deposed assignee should account. Meanwhile, however, in several suits by different creditors, in the superior court, judgments had been entered vacating the assignment as fraudulent and void, appointing a receiver of all the assigned property, and requiring the assignee to turn it over to him, and naming a referee to audit the accounts of the assignee. The referee reports a considerable sum in the hands of the assignee, and this sum specifically he is adjudged by final decree in the superior court to pay to the receiver. Under the pressure of these contradictory requirements, the assignee petitions the court to vacate the order removing him,

in so far as it directs him to deliver the estate to his successor, enjoins him from interfering with it, and compels him to account.

The principle is fundamental in the jurisprudence of this country, and indispensable in the administration of justice, that "where the jurisdiction of a court, and the right of a plaintiff to prosecute his suit in it, have once attached, that right cannot be arrested or taken away by proceedings in another court. * * * Neither can one take property from the possession of the other by replevin or other process, for this would produce a conflict extremely embarrassing to the administration of justice." Peck v. Jenness, 7 How. 618, 624, 625. This principle—that the tribunal first acquiring jurisdiction shall retain it—has been applied to determine the inconsistent pretensions of creditors by judgment and the administrator of an estate in a court of insolvency, in a controversy between trustees in chancery and judgment creditors seeking remedy by executory process, and in other instances of clashing contentions between concurrent judicatories. Taylor v. Carryl, 20 How. 583, 596, 597; Williams v. Benedict, 8 How. 107; Schuehle v. Reiman, 86 N. Y. 270. When the suits in the superior court were instituted, the court of common pleas already had jurisdiction of Ginsberg's assignment, of the accounting by his assignee, and of the distribution of his estate among creditors. True, the judgments in the superior court have conclusively established the invalidity of the assignment as to the creditors impeaching it (Hammond v. Machine Co., 20 Barb. 378, 381), but no further; and it still stands as to all other creditors (Bish. Burr. Assignm. 228). The effect of the judgments invalidating the assignment is not enlarged by the fact that the suits which issued in the judgments purported to be in behalf of all other creditors who should come in, because the plaintiffs in those suits could renounce the benefit of the assignment only for themselves, and the creditors opposing this motion expressly elect to confirm it. The assignment proceeding, therefore, still remains in the court of common pleas, with all the incidents of such proceeding, including an accounting by the deposed assignee; and the distribution of the fund from the assigned estate, if any be available for the purpose, among creditors abiding by the assignment. Heywood v. Thacher (Sup.) 19 N. Y. Supp. 321, 322. The adjudications cited hold nothing to the contrary of the proposition. But, the assignment being void as to the creditors who have succeeded in impeaching it, they have a right, as against creditors claiming under the assignment, to the satisfaction of their judgments out of the funds in the hands of the assignee. As to so much of that fund as is requisite to satisfy those judgments, the assignee holds it wrongfully, and not by virtue of the assignment. He must therefore pay over to the receiver in the superior court the aggregate amount of those judgments, if so much be in his hands; and, if not, then whatever he holds. The accounting of the assignee in this court will proceed to a conclusion; and, if he be found in default, the surety may be prosecuted upon his bond, but only for the benefit of creditors claiming under the

assignment. Creditors repudiating the assignment can, of course, take nothing by virtue of the assignment. Not being beneficiaries of the trust, they cannot be damnified by its maladministration. An order pursuant to this opinion will be entered on notice.