## In re LIEBERMANN.

(Supreme Court, Appellate Division, First Department. November 10, 1899.)

ASSIGNEE FOR CREDITORS—REMOVAL—JURISDICTION.

    No new element is brought into the case, on motion to discontinue proceedings to remove an assignee for creditors, by reason of the fact that since denial of a like motion the trustee in bankruptcy of the assignors has recovered judgment against the assignee for waste; it being decided on the former motion that jurisdiction in the proceedings was not taken away by the involuntary bankruptcy of the assignors, and the recovery of the judgment having no greater effect on the jurisdiction.

Appeal from special term, New York county.

In the matter of William Liebermann, as assignee for the benefit of creditors of Joseph Bieber and another. From an order denying a motion to discontinue the proceedings to remove the assignee, he appeals. Affirmed.

Argued before VAN BRUNT, P. J., and RUMSEY, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

J. Charles Weschler, for appellant.

B. Hanson, for respondent.

RUMSEY, J. Every question which is presented upon this motion was determined by the order made upon the former motion, which was affirmed in this court. 59 N. Y. Supp. 118. No leave to renew the motion was asked, and the learned justice below might well have denied this application for the reason that it was substantially a renewal of a former motion without leave, even under the liberal rule laid down in Riggs v. Pursell, 74 N. Y. 370. It is claimed, however, by the appellant, that a new element has been brought into the case, because of the judgment in this court in the action brought by the trustee in bankruptcy against Liebermann to recover for the alleged waste of the assigned estate. The recovery of this judgment does not in the slightest degree affect the jurisdiction of this court to require an accounting by the assignee. It was determined when this matter was before the court on the former appeal that our jurisdiction in this proceeding was not taken away because of the involuntary bankruptcy of the assignors. The recovery of the judgment by the trustee in bankruptcy against the assignee has no greater effect upon the jurisdiction of this court than did the commencement of the bankruptcy proceeding, and, if that did not take away the jurisdiction of this court, nothing that could occur during their pendency could have any greater effect. Nor is the judgment rendered in the action brought by the trustee in bankruptcy an estoppel against the creditor in this proceeding. He was no party to it, nor did the trustee in bankruptcy represent him, so far as the proceedings under the assignment for the benefit of creditors were concerned. In no aspect of the case did this judgment have any effect upon the rights of the parties.

The order made upon this proceeding, therefore, should be affirmed, with $10 costs and disbursements against Liebermann, to be charged against him personally. All concur.