## In re THOESEN et al.

(Supreme Court, Appellate Division, First Department. June 7, 1901.)

1. ASSIGNMENT FOR BENEFIT OF CREDITORS—ACCOUNTING—JUDGMENT.

A judgment setting aside an assignment for the benefit of creditors in favor of one creditor does not defeat the rights of other creditors to require the assignee to account.

2. SAME.

The Code of Civil Procedure requires publication of notice to creditors not actually appearing as parties to a suit by one creditor in behalf of all to require them to exhibit their demands. Laws 1897, c. 417, § 7, authorizes a creditor in the sum of $100 of a deceased debtor to disaffirm on behalf of himself and other similar creditors all conveyances, transfers, etc., by the debtor in fraud of creditors. *Held*, that a judgment in an action under the latter section to set aside an assignment for the benefit of creditors by a deceased debtor, in which the pleadings and proofs fail to show that the plaintiff has a claim against the estate of deceased, and in which nothing is done to notify other creditors of deceased, does not bar the rights of other creditors to compel the assignee to account, though the suit is entitled in the name of plaintiff and of other similar creditors.

Appeal from special term, New York county.

Petition by C. F. Rohmann, Son & Co. to compel George Solomon to account as assignee for the benefit of creditors of Henry Thoesen & Bro. From an order requiring the assignee to account, he appeals. Affirmed.

Argued before HATCH, McLAUGHLIN, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Abram Kling, for appellant.
Joseph J. Corn, for respondents.

HATCH, J. The motion resulting in the order appealed from was brought on under the general assignment act (sections 11, 12) by a citation issued on the petition of C. F. Rohmann, Son & Co., creditors of said assignor in the sum of about $25,000. The assignment was made in October, 1893, and the assignee accepted the trust, and qualified, and entered upon the discharge of the same. In the schedules of liabilities filed the claim of the petitioners is set forth at $24,734.10. The assignee advertised for claims in 1895, and the petitioners duly presented to him their said claim, properly verified, and such claim remains undisputed, and wholly unpaid. More than a year has elapsed since the making of the assignment, but the assignee has never accounted under the assignment act. The opposition to the motion is based upon the following facts: It appears that in April, 1894, the firm of H. B. Claflin & Co., as creditors of the said Henry Thoesen, instituted an action against the administratrix of Thoesen and the said assignee, to set aside the assignment made by the said Thoesen for the benefit of creditors on the ground of fraud, in which action it was adjudged and decreed that such assignment was fraudulent and void as against the plaintiff therein, and that the same be vacated and set aside as to said plaintiff; and one Daniels, who had theretofore been appointed a temporary receiver, was in and by said judgment made the permanent receiver of all the

goods, chattels, and estate held or owned by the said assignor. It was therein further adjudged and decreed that the defendant, Solomon, as such assignee, render an account before a referee, thereby appointed for that purpose, of all the goods, chattels, and credits which had come to his hands by virtue of the assignment or otherwise, which were of the said assignor at the date of the assignment, and that the said referee take and state such account; and that the receiver, out of the funds in his possession as such, pay to the plaintiff, the H. B. Claflin Company, or its attorneys, the amount of its debt and claim established thereby, with costs; and that, after making such payments, the receiver retain the residue and balance of the property of the assigned estate, if any, until the further order of the court. It further appears that in January, 1900, one Charles L. Kohler instituted an action against the said administratrix of the assignor and the said Solomon, as such assignee, to set aside the said assignment as fraudulent and void. This action was brought under the provisions of the personal property law, and, as appears by the title of the action, for the benefit of said Kohler individually and on behalf of all other creditors of the estate of the assignor, Henry Thoesen, deceased, whose claims exceed the sum of $100. That action was also prosecuted to judgment, and it was therein adjudged and decreed that the assignment was fraudulent and void as against the plaintiff, and that "the said general assignment be, and the same is hereby, wholly vacated, annulled, and set aside as to this plaintiff." The receivership of the receiver appointed in the Claflin action was extended to that action, and the assignee was ordered and directed to account before Daniel Clark Briggs, Esq., the referee appointed in and by the judgment in the Claflin action, of and concerning the goods, chattels, credits, and estate of the said assignor in his hands by virtue of the assignment, and that said referee take and state said account; and the receiver was directed to pay to the attorneys for the plaintiff the sum of $161.65, the amount of the costs of the action, to be taxed, and the further sum of $1,000 for an extra allowance to the said plaintiff's attorney, out of the moneys in his hands as such receiver. In pursuance of such last-mentioned judgment, the said assignee made an accounting before the referee, and it appears from his report that after the rendition of the judgment in the Koehler case four separate actions were brought to set aside the assignment as fraudulent and void, in each one of which judgment was rendered in favor of the plaintiff setting the assignment aside as to such plaintiff only. It also appears from such report that the assignee did receive and collect of the assigned estate the sum of $91,928.53; that he had expended for and on account of the said estate the sum of $73,173.20; and that, pursuant to the decrees entered in the actions aforesaid, he did pay to the receiver the sum of $18,755.33,—making in all the sum of $91,928.53; and that the said Claflin & Co. had been duly paid the amount of its judgment by the receiver; and the referee reported that the accounts so made and rendered by the said assignee were in all respects correct, and that an order should be entered discharging the said assignee, and canceling his bond as such. On the 28th day of December, 1900, upon no-

tice to the receiver and to the attorney. for the said Charles L. Koehler, the plaintiff in the action, the report of the referee so made was confirmed, and the accounts of said assignee approved. The petitioners (respondents) herein have never attacked the assignment, nor taken any position in hostility to it. They were not made parties to or joined in the said Koehler action, took no part in the proceedings thereunder, had no notice thereof, nor were they ever requested to join in or take part in any such proceedings; yet the claim is made by the appellant that, because that suit was brought nominally for the benefit of all creditors whose claims exceed $100, the respondents are precluded by the accounting before the referee in that action. The special term decided that the action instituted by Koehler was not binding upon the petitioning creditors, and directed that the assignee should make an account of his proceedings as such assignee pursuant to the assignment laws of the state, and from the order so made and entered this appeal is taken.

As we understand the points made by the appellant in his brief and argument, it is not contended that the judgments or proceedings in any of the actions brought to set aside the assignment operate as a bar to this proceeding, except the judgment and proceedings taken and had in the action of Koehler. Manifestly, no other ground would be tenable, for the reason that it appears that in each of the other actions the assignment was adjudged fraudulent and void, and set aside as to the plaintiff in the particular action only, and in none of them was any accounting had. It is urged, however, that in the Koehler action the assignee has made a full accounting, and turned over to the receiver duly appointed by a court of competent jurisdiction all the property and assets of the assigned estate; and the rule is invoked that, where an equitable action is brought to set aside an assignment for the benefit of creditors, and a decree has been entered in such action, the estate becomes vested in the court in which the receiver was appointed, and an accounting by such assignee in said action is conclusive upon the creditors, and any subsequent proceedings instituted by any creditor having reference to said estate will be enjoined. In the first place, the rule as thus stated by the appellant is defective, as it leaves out of consideration an important factor, viz. that the equitable action must be brought for the benefit of all the persons interested in the assigned estate. Nevertheless, it is maintained by appellant that the action brought by Koehler and the decree entered therein is for the benefit of all the creditors, and the fund will be distributed pro rata among them, and that the petitioning creditors are entitled to share. This claim would seem a little specious, in view of the fact that it appears from the report of the referee that prior to said accounting all the money received by the assignee from the assigned estate had been paid out, and that the assignee should be discharged. It is true that it appears that $18,-755.33 was paid over to the receiver in the action, but, inasmuch as the first lien upon the fund appears to have been that of Claflin & Co., whose judgment amounted to that sum, it is not clear just what benefit the petitioners are to derive from the fund. The schedules or items of the account of the assignee do not appear as part of the

referee's report in the action, but in an affidavit read in support of the petition it is made to appear that in the items of disbursements in the account as filed is an item, "Judgment, $18,755.33," although the report of the referee finds that this item was paid to the receiver. It further appears that, while the disbursements amount to the sum of $91,928.53, the whole proceeds of the estate, the items of which are set forth, no vouchers were annexed thereto, and that the following items of expense were allowed unitemized, viz.: Salary, $12,042.83; expense, $11,637.47; advertising, $1,998.95; G. S. (evidently George Solomon, the assignee), commission, $2,969.27; legal expenses, services, $9,103.25,—a total of $37,751.77. It may be said, in passing, that it is not usual or customary to allow to an assignee under an assignment repeatedly—or even once—held void and set aside for fraud such sums for commissions and expenses for the management and disposition of property to which the court has held that he had not title. Those who are interested in the estate, and entitled to share therein as creditors, clearly ought to have opportunity to be heard upon such an accounting, and we conceive it to be the province and duty of the court to protect them in such right. It remains to be seen, then, whether the proceeding in the action of Koehler had afforded them this right.

The Koehler action was brought under the provisions of the Laws of 1897 (chapter 417, § 7), which provide that any creditor of a deceased insolvent debtor having a claim or demand against the estate of such deceased debtor exceeding in amount the sum of $100 may, "for the benefit of himself and other creditors interested in the estate or property of such deceased debtor, disaffirm, treat as void and resist all acts done, and conveyances, transfers and agreements made, in fraud of the right of any creditor or creditors, by such deceased debtor, and for that purpose may maintain any necessary action to set aside such acts, conveyances, transfers or assignments; and for the purpose of maintaining such action, it shall not be necessary for such creditor to have obtained a judgment upon his claim or demand, but such claim or demand, if disputed, may be proved and established upon the trial of such action." It is then further provided that the judgment may direct a sale of the premises or property if a conveyance or transfer is set aside, and that the proceeds thereof be brought into court, or paid into the proper surrogate's court, to be administered according to law. This was not the ordinary creditors' action under the Code, therefore, but a special statutory remedy against the estate of a deceased insolvent debtor, given not only to judgment creditors, but to those creditors who have obtained no lien by judgment, and who have not exhausted their legal remedy. The pleadings in the action are not printed in the record, and the only way in which it appears that the action was brought for the benefit of any one other than the plaintiff is in the title to the action. The decree is silent on the subject, and in terms adjudges that the assignment was fraudulent and void as against the plaintiff, and that it be vacated, annulled, and set aside "as to the plaintiff." The order made by the court in the motion to confirm the report of the referee did not discharge the assignee, nor cancel his bond, but confirmed the

report of the referee, and approved the accounts of the assignee. Notwithstanding all that appears as to the Koehler action and the decree, the appellant insists that the assignment was held void as to all the creditors, that the assignee was required to and did account on behalf of all the creditors, and that the petitioning creditors are therefore bound by such accounting. With this proposition we cannot agree. So far as the effect of the judgments in the various equity actions upon these respondents is concerned, the assignment is as valid as if those suits had never been brought, except to the extent to which the assignee may be protected as to payments made by him pursuant thereto, which question is not before us for determination. It is thoroughly settled that a judgment setting aside an assignment as against a particular creditor has no effect upon other creditors not parties to the action. As to them the assignment remains valid and binding. Hammond v. Machine Co., 20 Barb. 378; In re Ginsberg, 9 Misc. Rep. 650, 30 N. Y. Supp. 480. We hold that the judgments obtained in the actions referred to did no more than adjudge the assignment void as to the plaintiffs in the actions, and that the only effect of the decree in the Koehler case was to set the assignment aside as against Charles L. Koehler. It is conceded that, where an assignee has accounted once in a suit to which all concerned are parties, pursuant to the decree of a court of competent jurisdiction, he cannot be compelled to account again at the instance of any of such parties; but that rule is not applicable here. This case is clearly distinguishable from Kerr v. Blodgett, 48 N. Y. 62, and the other cases relied upon by appellant. In that case a previous action had been begun in the same court for the same purpose—which was to compel the assignee to account under the assignment law—by a creditor in his own behalf as well as in behalf of all others similarly situated, and a decree had been entered in the first action, and a report made, which had been confirmed before Kerr's action was begun. The referee had caused notice to be published requiring all creditors to present their claims, and the court held that a subsequent action for the same purpose could not be maintained by a creditor. There both actions were in support of the assignment; here the actions were in hostility to it, while the petitioners seek their remedy under the assignment law. In that action the creditors had notice, as required by the statute; here no notice has been given to parties other than parties to the actions. There is no parallel either in the facts or the principles involved. Turney v. Van Gelder, 68 Hun, 481, 23 N. Y. Supp. 27, affirmed in 143 N. Y. 632, 37 N. E. 823. In Re Ginsberg, supra, on removal by the common pleas of an assignee for the benefit of creditors a substitute was appointed, and to this successor the assignee had been directed to deliver the fund in his possession, and enjoined from otherwise disposing of it, and the assignee was ordered to account. In the meantime, in several actions in the superior court, judgments had been entered vacating the assignment as fraudulent and void, appointing a receiver of all the assigned property, and requiring the assignee to turn it over to him, and naming a referee to audit the accounts of the assignee. The assignee petitioned the court of common pleas to vacate the order removing him

in so far as it directed him to deliver the estate to his successor, enjoined him from interfering with it, and required him to account. The court denied the application, applying the principle that the tribunal first acquiring jurisdiction shall retain it, but holding also that the effect of the judgments invalidating the assignment was not enlarged by the fact that the suits purported to be in behalf of all other creditors who should come in, because the plaintiff in those suits could renounce the benefit of the assignment only for themselves, and the creditors opposing the motion elected to affirm it. The deposed assignee was permitted to pay over to the receiver the aggregate amount of the judgments, but it was held that the accounting in that court should proceed to conclusion, and that, if the assignee should be found in default, his sureties might be prosecuted, but only for the benefit of those claiming under the assignment; that creditors repudiating the trust could take nothing thereunder. The same principle applies to the case at bar. The judgment setting aside the assignment is not an estoppel against the creditors in this proceeding, they were not parties to it, and it had no effect upon their right to compel an accounting under the assignment act; nor is the jurisdiction of the court to compel such accounting affected thereby. In re Dare, 13 Daly, 220; Liebermann v. Phillips, 44 App. Div. 148, 60 N. Y. Supp. 731; Mills v. Argall, 6 Paige, 577, 581; Burrill Assignm. (4th Ed.) § 354. The decree in the Koehler action does not adjudge that Koehler ever had a claim against the estate of the assignor. The statute under which it is brought requires that the creditor shall have a claim for more than $100. These are facts which the moving creditor is required to allege and prove in order that the court acquire jurisdiction of the action, but there is no such allegation here, nor adjudication touching it. It is not sufficient that it appears in the title of the action that it is brought in behalf of "all other creditors　*　*　*　whose claims exceed the sum of $100." Louis v. Belgard (Sup.) 17 N. Y. Supp. 882. The Code of Civil Procedure requires that, where an action is brought for the collective benefit of the creditors of a person, or for the benefit of a person or persons, other than the plaintiff, who will come in and contribute to the expense of the action, notice of a direction of the court, contained in a judgment or order, requiring the creditors or other persons to exhibit their demands, or otherwise to come in, must be published, as there directed. This provision must be held to apply to an action brought under the personal property law, and, without it is complied with, or some sufficient notice is given, or the other persons are in some manner given their day in court, such a proceeding does not bind them, and they are not concluded by it. Nothing was done in this case to give notice to these respondents, or any other creditor or person interested in the assigned estate, except the attorneys for the administratrix of the assignor, the receiver, and for the plaintiff, Koehler.

The considerations stated lead us to the conclusion that the order appealed from should be affirmed, with costs and disbursements to the respondent. All concur.