after the death of the testator's wife was to be divided between his son Orson and Mary Allen, his daughter. That portion bequeathed to Mary Allen at her death was to go to the heirs of her body. The will seems to have been drawn upon the general scheme of the use and support for life for the children of the testator, and at their death the property, of which each took a life estate, was to be transmitted by said will to the children of each.

This interpretation seems to be warranted from the fact that no other disposition by the testator was made of this particular devise to any other of the heirs, and this was probably understood to have been an equitable provision for each of the testator's children and for the child or children of each devisee.

The defendant Beatrice English was living at the time of the testator's death. The provisions of this will as drawn are not very lucid, and the words "living at the time of his death" may have been intended to read as his, the testator's, death. In that event, upon his death the devise would have vested in the child Bertha R. English, and upon her death this portion of said estate would have passed to the defendant Beatrice English.

I think the complaint in partition should be dismissed, with costs to the defendant Beatrice English, and judgment may be entered accordingly.

Judgment accordingly.

---

(40 Misc. Rep. 17.)

### In re BOSTWICK.

(Supreme Court, Special Term, New York County. February, 1903.)

1. ASSIGNEE FOR BENEFIT OF CREDITORS—COMMISSIONS—COSTS.
    Where, on the accounting of an assignee for the benefit of creditors, he has not been charged with interest, though he has neglected for six years to invest the funds, he will not be denied commissions nor the taxable costs of his accounting.

In the matter of the assignment of Charles B. Bostwick. Motion to confirm report of referee. Granted.

Charles W. Coleman, for the motion.
Richards & Brown (J. Treadwell Richards, of counsel), opposed.

BLANCHARD, J. This is an application to confirm the report of a referee to whom was referred the question of the allowance of the commissions of an assignee for the benefit of creditors and the allowance of taxable costs of the accounting proceeding. The referee has reported adversely to the allowance of both of these items. Previous to the reference of these questions, the account had been referred to the same referee, and his report thereon made and confirmed. Upon the second reference the assignee was not allowed commissions because of the failure of the assignee to invest the funds in his hands, and because his neglect so to do for six years "resulted in a distinct loss to the assigned estate." The only asset of the assigned estate realized upon by the assignee was a claim of $1,750, collected through his attorney, whose claim for services was allowed at $900, although consider-

ably more was claimed. The learned referee says that "in stating the account of the assignee he was not charged with interest on funds in his hands, as he might properly and justly have been." The fact remains, however, he was not so charged, and his accounts have been stated, and have been confirmed by the court. It does not seem fair to deprive the assignee of his commissions because something might have been charged against him which was not so charged. Although counsel have not called my attention to any authorities on the matter of the allowance or disallowance of commissions, I find that the court is justified in depriving an assignee of his commissions in certain extreme cases. Matter of Coffin, 10 Daly, 27; Matter of Danzig (Com. Pl.) 2 N. Y. Supp. 161, affirmed 110 N. Y. 682, 18 N. E. 483; Matter of Wolf & Kahn, 1 N. Y. St. Rep. 273. It would seem, however, that in these cases the conduct of the assignee was such as either to cause his removal or to justify it. In the present case I do not think the failure to invest the sum which the referee found properly chargeable against the assignee would have been a sufficient ground for his removal by the court, nor do I think it sufficient cause for the disallowance of his commissions. In the matter of the allowance of taxable costs I am likewise obliged to differ with the learned referee. He says, "The Case of Ginsberg, 9 Misc. Rep. 650, 30 N. Y. Supp. 480, seems to be a sufficient authority for denying his claim for costs or counsel fees in this proceeding." The case is sufficient authority for denying counsel fees, but not costs. It is stated at the foot of page 650 of the report of that case that the court allowed taxable costs to the attorneys. The commissions will be allowed to the assignee as provided by statute, and the taxable costs to the attorneys for the assignee. As thus modified, the motion to confirm the referee's report is granted.

Ordered accordingly.

(81 App. Div. 460.)

### TERWILLIGER et al. v. WHEELER et al.

(Supreme Court, Appellate Division, Fourth Department. March 10, 1903.)

1. APPEAL—DISMISSAL OF COMPLAINT—RECORD—REVIEW.

Where a complaint was dismissed at the trial before a referee, and the answers filed were not contained in the record, they cannot be reviewed.

2. MUNICIPAL CORPORATIONS—SCHOOL DISTRICTS.

Gen. Corp. Law, Laws 1892, p. 1801, c. 687, § 3, provides that a municipal corporation includes a county, town, school district, village, etc., and Consolidated School Law, Laws 1894, p. 1207, c. 556, tit. 6, provides for the organization of school districts, the location of school house sites, etc., and article 6, §§ 42, 43, p. 1226, provide that the trustees of such districts shall constitute a board, which is created a body corporate, and that all property vested in them for the use of the school shall be held by them as a corporation. Held, that under such statutes a school district was a municipal corporation, and the construction of a schoolhouse on land owned by such district was a public, and not a private, improvement, within Lien Law, Laws 1897, p. 514, c. 418, § 1, defining a public improvement as one made on any real property belonging to the state or a municipal corporation.

3. SAME—MECHANICS' LIENS—FILING.

Where mechanics' liens against a school district for the construction of a schoolhouse were filed in the county clerk's office as liens for a pri-