### GRIFFIN and BUEL *v.* MARQUARDT and JUDSON.

An assignee in trust for creditors is not a purchaser for valuable consideration, and no innocence on his part will uphold the assignment if it would otherwise, for any reason, be adjudged fraudulent and void.

Upon appeal to the Supreme Court at general term, upon a Case, from a judgment at special term upon the validity of a transfer of personal property not accompanied by delivery, and followed by actual and continued change of possession, it is competent to that court to reverse or affirm, according to the conclusion at which it may arrive from the whole evidence upon the question of fraud, and its decision upon the facts is not reviewable by the Court of Appeals.

Where however the judgment at special term is reversed for error in law, a new trial should be awarded, unless it be entirely plain, from the pleadings or the very nature of the controversy, that the party against whom the reversal is pronounced cannot, upon any fresh evidence, prevail in the suit. The improper refusal of a new trial in such case is error, reviewable in the Court of Appeals; the question does not rest merely in the discretion of the Supreme Court.

The case of *Astor* v. *L'Amoreux* ( 4 *Seld.*, 107 ), reviewed and explained.

APPEAL from the Supreme Court. The action was by judgment creditors of Marquardt, to procure the setting aside, as fraudulent and void, of an assignment executed by Marquardt to the defendant Judson. The cause was tried before a justice of the Supreme Court, without a jury. He found, as matters of fact, that Judson, the assignee, left the personal property assigned in the possession of the assignor for one month subsequent to the assignment; and that there was no such evidence of good faith, and that the assignment was made without any intent to defraud the creditors of the assignor, as to rebut the presumption of fraud which the statute raises in favor of creditors and *bona fide* purchasers; and that there was no intentional bad faith in Judson, the assignee. He held these facts not to be sufficient in law to render the assignment void, and directed a judgment for the defendants, which on appeal was reversed by the Supreme Court, at general term in the second dis-

trict.   That court did not award a new trial, but rendered judgment absolute for the plaintiffs, annulling the assignment with further appropriate directions.   The defendants appealed to this court.

*Nicholas Hill*, for the appellants.

*Amasa J. Parker*, for the respondents.

COMSTOCK, J.   The decision of the judge who tried the cause at special term is not intelligible, unless we understand it to rest upon the ground that there was no fraudulent intent on the part of Judson, the assignee.   The judge found that the assignment was not accompanied by an immediate delivery, and followed by an actual and continued change of possession of the goods, as the statute requires.  (2 *R. S.*, 136, § 5.)   The assignment was, therefore, presumptively fraudulent; and the finding also states that there was no sufficient evidence of good faith to repel such presumption.   I conclude, therefore, that the judge would have pronounced the assignment void but for the additional fact that there was no fraud intended by the assignee. Having found that fact, also, he held the assignment to be valid.   If the decision turned, as it must have done, upon that fact, it was erroneous in point of law.   By another section of the statute it is declared that " the provisions of this chapter shall not be construed in any manner to affect or impair the title of a purchaser for a valuable consideration, unless it shall appear that such purchaser had previous notice of the fraudulent intent of his immediate grantor or of the fraud rendering void the title of such grantee." (2 *R. S.*, 137, § 5.)   I have no doubt that, under this statute, the grantee, in a conveyance which is fraudulent on the part of his immediate grantor, may be protected, and that this section does not refer exclusively to derivative and subsequent conveyances of the same pro-

perty. But an assignee in trust for the benefit of creditors is not " a purchaser for a valuable consideration," however innocent he may be of participation in the fraud intended by the assignor. The uprightness of his intentions, therefore, will not uphold the instrument, if it would otherwise, for any reason, be adjudged fraudulent and void.

There was, consequently, no error in the decision of the Supreme Court at general term, reversing the judgment. Certainly there was no error in the law of that decision. The question of fraud, properly viewed upon all the evidence in the case, was one of fact purely. Notwithstanding the want of an immediate and continued change of possession, it was competent for the judge who tried the cause to regard the whole question as one of fact, there being some evidence of good faith, and to hold that the assignment was *bona fide*, even on the part of the assignor. The statute allows good faith to be shown against the presumption arising from the continued possession of the mortgagor or assignor. ( *Griswold* v. *Sheldon*, 4 *Comst.*, 581; *Hoe* v. *Acker*, 23 *Wend.*, 653.) It was also competent, on the appeal to the general term, for the Supreme Court to examine all the evidence in the case, and to reverse or affirm the judgment of the special term according to the conclusion of fact which should be arrived at upon the question of fraud. That court probably assumed the facts to be as they were found by the judge who tried the issue, and then merely corrected the error into which he appears to have fallen, conceding his premises to have been sound. Still the whole question of fraud, both as it stood at the trial and on the appeal, was essentially one of fact, and it follows that we have no right to reverse the conclusion which is now appealed from to this court.

On reversing the judgment, the Supreme Court, instead of ordering a new trial, directed a final judgment for the plaintiffs, setting aside the assignment, with other appropriate

directions concerning the fund. It only remains to inquire whether a new trial should have been granted instead of an absolute judgment, and, if it should have been, whether this court can so modify the decision appealed from. Upon these questions we have been referred to the case of *Astor* v. *L'Amoreux* (4 *Seld.*, 107). That was an action of covenant, commenced in 1847 under the former system of pleadings and practice. It was tried in 1850, after the Code took effect, without a jury, as I infer, and a judgment was rendered in favor of the plaintiff. On appeal to the general term upon a Case, the decision was reversed and a judgment was directed in favor of the defendant. From that decision an appeal was brought to this court, and, in disposing of the case, the court is represented as merely saying that "the Supreme Court erred in reversing the judgment recovered at the circuit, and ordering a final judgment for the defendant upon a case made at the trial. It should have ordered a new trial, which was all that it was authorized to do." The judgment of the Superior Court was accordingly reversed and a new trial ordered. From the manner in which the case is reported, I presume that it was so disposed of without taking the papers for deliberation. This decision has been several times quoted as authority for the proposition that a new trial must be granted in all cases where the appellate court reverses the judgment rendered upon a trial ; and the language imputed to the court would seem to justify such a conclusion. If the court did so intend (which, I am told by one of the judges then sitting, was not the case), then it manifestly fell into an error which should now be corrected.

In the original, and each of the amended Codes, the provision of law has been and now is, that "the appellate court may reverse, affirm or modify the judgment or order appealed from in the respect mentioned in the notice of appeal, *and may, if necessary or proper, order a new trial.*" (*Codes of 1849 and 1852, § 330; Code of 1848, § 278.*)

The terms of this provision are so plain that no argument can be necessary to show that the appellate court is not imperatively required in all cases, on reversing a judgment, to grant a new trial. On the contrary, it is plain that a new trial is not to be granted unless the court thinks it "necessary or proper." It would seem, therefore, that in the case above referred to, if that case is correctly reported, the attention of this court was not called to the Code. It certainly must have escaped observation that the provision quoted was made applicable to existing suits. The action in that case, as we have seen, was covenant, and according to the former practice a new trial would have been the necessary result of reversing the judgment. Such was the uniform practice in actions at law. In suits in equity, on the other hand, the practice was uniform for the appellate court not to grant a new trial or hearing in the court below, but to make a final decree, disposing of the controversy as it stood upon the pleadings and proofs. In the system introduced by the Code, where actions at law and suits in equity are no longer distinguishable as such, we have adopted no rule of practice in the respect now under consideration. The appellate court is simply authorized to grant a new trial, if in its judgment a new trial is necessary or proper This change in the law was not noticed in the case which has been mentioned.

In respect to the present case, I have no hesitation in saying that it was eminently a proper one for granting a new trial, when the Supreme Court reversed the judgment of the special term. Further evidence might have been given on the part of the defendants in regard to the good faith of the assignment, if the judge who tried the issue had not adopted a peculiar view of the case, which determined the question in their favor. If that view was erroneous, a reversal of the judgment was necessary; but it was unjust on that account to render final judgment against them. They were fairly entitled to another decision of the

judge upon the facts of the case, and to bring forward such further evidence as they might be able to command. It is proper to say, and to say it with great distinctness, as the opinion of this court, that extreme caution ought to be exercised in refusing new trials where judgments are reversed. The discretion of the appellate court should be exercised in that direction only in cases where it is entirely plain, either from the pleadings or from the very nature of the controversy, that the party against whom the reversal is pronounced cannot prevail in the suit.

I have come, however, to the conclusion that where an appellate court, whose judgments are brought by appeal to this court, has properly reversed the judgment of a subordinate court, but has improperly refused a new trial, the error is without remedy here. If the judgment of the court of original jurisdiction has been once affirmed, on appeal, and then a further appeal is brought to this court, and we reverse the decision, in such a case we have a discretionary power to grant or refuse a new trial. To such a case as this the Code strictly applies. We grant a new trial, if, in the language of the section which has been quoted, we deem it "necessary or proper." But if the original judgment was reversed in the court immediately below, then we have only to determine whether the reversal was according to the law. In all cases it is the court pronouncing the reversal to which is confided the discretion of granting or refusing a new trial. Upon appeals from final judgment in actions after a trial, this court acts as a court of error purely. It can only examine such questions of law as arise upon the special verdict, case or exceptions. It can correct errors of law, but if there are none in the record it cannot review mistakes of discretion. The right to a new trial, where a judgment is reversed, is not a legal right. The authority to grant it, as given by the statute, is in its very nature discretionary. There is no rule or principle of law which determines the

necessity or propriety of another trial. If the court below have determined that the justice of the case does not require a longer continuance of the litigation, there is no legal standard by which we can test the accuracy of that determination. We can only substitute our own discretion for that which has already been exercised by one appellate tribunal, and this is a power which I think we do not possess. Whether the Supreme Court, therefore, wisely and discreetly exercised the authority given to it in declining to allow another trial in the present case, is not a question before us, and there being no error in reversing the judgment of the special term, this court has no duty or power except to affirm the decision.

The other judges were of opinion that the Supreme Court is bound to grant a new trial on reversing a judgment upon appeal on a Case, unless the case be within the exception stated in *Edmonston* v. *McLoud* (16 *N. Y.,* 543); that it should, in this case, have awarded a new trial; and that this court could review the error. In other respects the foregoing opinion was concurred in by all the judges.

Judgment modified by the award of a new trial.