ADRIAN ISELIN, Appellant, v. JOHN H. STARIN, Respondent.

Where a judgment in favor of plaintiff, entered upon a decision of the court on trial of issues of fact, is reversed by the General Term a direction for final judgment for defendant is error, unless it is clear that, upon a new trial, plaintiff cannot possibly recover.

In an action to restrain the use by defendant of a road running over a causeway from the mainland to Neptune House island in Long Island sound, owned by plaintiff, and over said island to the ferry landing used to reach Glen island, defendant claimed the road to be a public

highway, or at least was subject to an easement of passage vested in the owners of Glen island. It appeared that in 1845 the then owners of Neptune island obtained from the state a grant of land on which an old dock on the island was located, to enable them to extend the structure and to establish it as a dock. The petition for the grant recited that the dock was used as a landing by the public, and was a great public convenience and necessary for the purposes of commerce, and that the causeway was needed to enable the public and others to pass from the mainland to the dock. *Held*, that ·the petition was not necessarily conclusive that the road was a public highway; that while the statements bore strongly upon the intent of the petitioners to dedicate it to the public use, they did not show or touch upon an acceptance by the public authorities before a revocation.

It appeared that in 1853 the then owner of Glen island entered upon the place on Neptune island where the ferry landing now is and constructed the same; that it is a substantial inclosure, and that he and his grantees have continued in the occupation under a claim of right from that time up to the commencement of this action. The trial court was asked by defendant so to find, but refused. *Held*, error, and that the error was material; that the adverse possession of the ferry landing could not well be severed from the right of way to the mainland, as without that right the landing was useless.

*Iselin* v. *Starin* (71 Hun, 164), modified.

(Argued December 21, 1894; decided January 15, 1895.)

Appeal from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made May 8, 1893, which reversed a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term and granted a new trial.

This action was brought to obtain an injunction restraining the defendant from using a roadway leading from the Pelham road, in the town of New Rochelle, Westchester county, to a dock on Neptune House island, and a ferry connecting the mainland with Glen island, or to restrict and confine defendant's use thereof to the manner in which defendant's grantors had used them.

A stone causeway and road was built over the water separating Neptune House island from the mainland. In 1833 the island was conveyed by William Turpin to Catharine Wyman, who owned the adjacent mainland. Through her will and a deed by her executors it passed to

Jacob Rhinelander in 1836, the deed conveying also said road and causeway. In 1837 the island passed, under the will of Rhinelander, to various devisees, who, in 1850, conveyed the island with the road and causeway to Philip Underhill, and conveyed the mainland to other parties. Plaintiff claimed title under various mesne conveyances, each one of which assumed to convey the island, the road and causeway.

In 1845 the then owners of Neptune island filed their petition with the commissioners of the land office, praying for a grant of land under water, for the purpose of enabling them to extend a steamboat dock then on the island, and asking to establish a dock thereon, with leave to collect wharfage, etc. They therein state that the dock was built " for the convenience of navigation and for the accommodation of steamboats and other craft passing into the bay." That Rhinelander believed when he took title that title had been obtained to the land under water where the dock stood, but that it was subsequently discovered that such was a mistake. It also states that this dock or landing is " a great public convenience, and necessary for the purposes of commerce, and will greatly increase those objects by extending the dock a little farther into the bay, as designated" on a map filed. This map shows the road in question. The petition also states that the contemplated extension of the dock " will be of great public convenience, in a commercial point of view," and the object of the acquirement of the land was to increase that public convenience by extending it to deeper water, so that larger vessels may moor thereat; also, " that to render a landing place convenient at the place now spoken of, and that the public and others may pass from the mainland either on foot or in carriages  *   *   * to the contemplated dock," it will be necessary to build an abutment or bridge from the mainland. A patent was granted on this petition. The patent recites that it is for the purpose of promoting the commerce of the state, and the grant was made subject to reservations and conditions expressed, one of which was that if the patentees should not, " within three years from its date, actually appropriate and

apply the above-described premises to the purposes of a dock or docks thereon," the grant shall be void.

Further facts appear in the opinion.

*Martin J. Keogh* and *John F. Coffin* for appellant. Upon this appeal it must be presumed that the reversal by the General Term was upon questions of law only. (*Platt* v. *Platt*, 58 N. Y. 646; *Van Tassell* v. *Wood*, 76 id. 614; *Weyer* v. *Beach*, 79 id. 409, 411; *Reitz* v. *Reitz*, 80 id. 541; *Van Wyck* v. *Watters*, 81 id. 352; *Goodwin* v. *Conklin*, 85 id. 21; *Ward* v. *Craig*, 87 id. 550; *Davis* v. *Leopold*, Id. 620; *R. R. Co.* v. *Roach*, 97 id. 378; *Kane* v. *Cortesy*, 100 id. 132; *Nicholls* v. *Wentworth*, Id. 455; *Everson* v. *City of Syracuse*, Id. 584; *Downing* v. *Kelly*, 48 id. 433; *Kirkland* v. *Leary*, 50 id. 679; *Sheldon* v. *Sheldon*, 51 id. 354; *Wallace* v. *Drew*, 54 id. 678; *Shaw* v. *L. E. R. R. Co.*, 20 Wkly. Dig. 136; *Snebley* v. *Connor*, 78 N. Y. 218; *Lewis* v. *Barton*, 106 id. 70; *Inglehart* v. *T. I. H. Co.*, 109 id. 454.) The General Term erred in awarding judgment absolute against the plaintiff. (*Thomas* v. *N. Y. L. Ins. Co.*, 99 N. Y. 250; *Ehrichs* v. *De Mille*, 75 id. 370.) Most of the exceptions taken by the defendant were unavailing to raise any questions for review on the appeal to the General Term. (Code Civ. Pro. § 992; *Newell* v. *Doty*, 33 N. Y. 81–93; *Wheeler* v. *Billings*, 38 id. 263, 265; *Ward* v. *Craig*, 87 id. 550, 557.) The conclusions of law of the trial court were justified by the facts found. (*White* v. *Spencer*, 14 N. Y. 247; *Driscoll* v. *N. & R. Co.*, 37 id. 637; *Flora* v. *Carbean*, 38 id. 111; *Burbank* v. *Fay*, 65 id. 57; *Wiseman* v. *Lucksinger*, 84 id. 31; *Cronkhite* v. *Cronkhite*, 94 id. 323; *Duryee* v. *Mayor, etc.*, 96 id. 477; *Fargis* v. *Walton*, 107 id. 398; *A. O. Co.* v. *B. O. Co.*, 21 Hun, 32; 86 N. Y. 638; *Shepherd* v. *M. O. Co.*, 38 Hun, 37.) All of the findings of fact to which exception was taken were sustained by the evidence. (*Halpin* v. *P. Ins. Co.*, 118 N. Y. 165.) The road in question from Pelham road to the dock on Mosès or Neptune island used by the defendant is not a public high-

way, but is and has been since its creation a private way, and is now the property of the plaintiff. (*Speir* v. *Town of New Utrecht*, 49 Hun, 295 ; 121 N. Y. 420 ; *White* v. *Spencer*, 14 id. 247 ; *Flora* v. *Carbean*, 38 id. 111 ; *Burbank* v. *Fay*, 65 id. 65 ; *Trustees, etc.*, v. *Kirk*, 68 id. 465 ; *Wiseman* v. *Lucksinger*, 84 id. 31 ; *Woodruff* v. *Paddock*, 130 id. 624 ; *Oswego* v. *O. C. Co.*, 6 id. 257 ; *Holdane* v. *Trustees, etc.*, 21 id. 474 ; *Cook* v. *Harris*, 61 id. 448 ; *N. F. S. B. Co.* v. *Bachman*, 66 id. 261 ; *Vandemark* v. *Porter*, 40 Hun, 397 ; *City of Cohoes* v. *Morrison*, 42 id. 216 ; *In re Dept. of Pub. Works*, 48 id. 488 ; *Pomfrey* v. *Village of Saratoga Springs*, 104 N. Y. 459 ; *Flack* v. *Village of Green Island*, 122 id. 107.) The present use by defendant of the road from Pelham road to his dock, and of the dock itself, are entirely unwarranted and unauthorized. (*White* v. *Spencer*, 14 N. Y. 247 ; *Driscoll* v. *N. & R. Co.*, 37 id. 637 ; *Flora* v. *Carbean*, 38 id. 111 ; *Burbank* v. *Fay*, 65 id. 57 ; *Wiseman* v. *Lucksinger*, 84 id. 31 ; *Cronkhite* v. *Cronkhite*, 94 id. 323 ; *Duryee* v. *Mayor, etc.*, 96 id. 477 ; *Fargis* v. *Walton*, 107 id. 398 ; *A. O. Co.* v. *B. O. Co.*, 21 Hun, 32 ; 86 N. Y. 638 ; *Shepherd* v. *M. O. Co.*, 38 Hun, 37 ; *Brunston* v. *Hall*, 1 G. & D. 207 ; *Cowling* v. *Higginson*, 4 M. & W. 245.)

*William W. Goodrich* and *Charles H. Roosevelt* for respondent. The powers of the court in equity at General Term, and the rendering of an affirmative judgment for the respondent, were properly exercised and were justified by the evidence, the exhibits and the testimony. (Code Civ. Pro. § 1317 ; *Bennett* v. *Lake*, 47 N. Y. 95 ; *Purchase* v. *Mattison*, 25 id. 211.) The adjudication of the General Term, "that from the time of the construction of the landing place on Moses island by Louis de Pau in the year 1852 or 1853, the owners of Glen island (formerly Locust island) have had and enjoyed a vested and absolute right of way over the road leading from the Pelham road to the appellant's landing place and dock, and that such user was under a claim of right and

color of title which could be conveyed, was justified by the evidence. (2 R. S. art. 4, § 147.) The respondent and his grantors have been in possession and use of the premises for over twenty years under a claim of title, and this gives him an absolute title. (*Jackson* v. *Newton,* 18 Johns. 355; *Ellicott* v. *Pearl,* 10 Pet. 412; *Barnes* v. *Light,* 118 N. Y. 34; *Green* v. *Conse,* 127 id. 386; *Baker* v. *Oakwood,* 123 id. 16; *Woodruff* v. *Paddock,* 130 id. 624; *Cahill* v. *Palmer,* 45 id. 478; *Campbell* v. *Holt,* 115 U. S. 620.) We have assumed that the actual fee of the landing place and adjacent roadway has become vested in the respondent by adverse possession. The same reasoning, however, applies to a right of way even if the court should hold that the respondent was not entitled to the actual fee. (3 Kent's Comm. 421; *Langdon* v. *Mayor, etc.,* 93 N. Y. 151.) Neither the plaintiff nor his immediate grantors ever had title to the premises in question. (*Roberts* v. *Baumgarten,* 110 N. Y. 380; *People* v. *Canal Appraisers,* 33 id. 461; 1 R. S. [8th ed.] 633; *B. P. L. Co.* v. *N. Y., L. E. & W. R. Co.,* 10 Abb. [N. C.] 107; *Gerard on Titles* [3d ed.], 829.) The appellant cannot maintain an action to restrain respondent in the use and maintenance of his transfer boat between the landing places on Glen island and Neptune island. (*People* v. *Macy,* 62 How. Pr. 65; *Gould* v. *N. Y. & H. R. R. Co.,* 6 N. Y. 522.) The right to grant land between high and low tide, and land under water beyond low tide, is limited to two purposes: To promote the commerce of this state; for the purpose of beneficial enjoyment of the same by the adjacent owner. (Laws of 1850, chap. 283; Laws of 1835, chap. 232.) When a road is opened and used by the public as a highway for twenty years or more, it becomes a public highway, and in order to stop the running of the statute there must be an actual obstruction so that the public cannot pass. Notice of a claim that the road is private has no effect to stop the statute from running. (R. S. tit. 1, pt. 1, chap. 16, § 100; Laws of 1892, chaps. 163, 568; *Davenpeck* v. *Lambert,* 44 Barb. 596.) The express and implied dedication has been

accepted in the most pronounced and formal manner. ( *Vandermark* v. *Porter*, 40 Hun, 397; *Glover* v. *M. R. Co.*, 19 J. & S. 1; *Walker* v. *Caywood*, 31 N. Y. 51; *In re Bridge*, 100 id. 642; *Hunter* v. *Trustees*, 6 Hill, 411; *Fowler* v. *Mott*, 19 Barb. 219, 220.) The Statute of Limitations confers a perfect title. (3 Washb. on Real Prop. 143, 163.) The uninterrupted enjoyment of this roadway for the very long periods shown has given not alone title by prescription, but an absolute grant at the outset will be conclusively presumed. (3 Kent's Comm. 421; 2 Washb. on Real Prop. 278.) Appellant has no standing in a court of equity. (R. S. tit. 1, pt. 1, chap. 16, § 100.)

Finch, J. Whatever else may be true of this case, we are satisfied that the General Term erred in rendering final judgment for the defendant instead of awarding a new trial. The disputed question was whether the road across the causeway and over Neptune House island to the ferry landing used to reach Glen island was the private property of the plaintiff, which he might control as he pleased, or whether it belonged to the public, or, at least, was subject to an easement of passage vested in the owners of Glen island as being the dominant tenement. This inquiry involved the investigation of much contradictory testimony. The two titles were separate and distinct, not springing from any common ownership; the evidence ranged over a period of fifty years; and the facts disclosed on each side, or the inferences proper to be drawn from them, were disputed at every step of the way. The Special Term found in favor of the plaintiff. The findings describe the two separate lines of title to the respective islands and then declare as facts that the owners of Neptune island built the causeway from the mainland, kept it in repair, put up and maintained signs declaring the road to be private and no thoroughfare and forbidding trespassing, erected a gate at intervals to prevent any claim of public user, and further find that the road was continually used by the permission and for the convenience of its owners merely with a single exception,

which was that the proprietors of Glen island at first occupied it only for a summer residence, and were allowed to pass and re-pass from the ferry solely by a mere revocable permission, occasionally on that account contributing to the repair of the road. If we assume as true all the facts found the legal conclusion reached justly follows. But the General Term reversed. There is no express statement that it was upon the facts, and the Code requires us to presume that it was upon the law, unless the contrary clearly appears in the body of the judgment. (Code, § 1338.) I think it does appear in the judgment itself that the reversal was founded in part upon questions of fact. It decides that from 1853 the owners of Glen island had a right of way over the road, and that their user was under a claim of right and color of title; that the land grant proceedings of the owners of Neptune island opened the roadway to general public use; and that it has become a public highway. The decision involved mixed questions of law and fact, title on the one hand and user on the other, opening an inquiry upon which the two courts differed. Dedication and prescription invariably depend upon facts, and it would seem to be the truth involved in the specific findings of the judgment that the facts were to some extent reviewed.

That conclusion might open the whole case to our examination, both on the facts and on the law, but such action on our part is needless, except in one direction, in view of what has occurred. Assuming that the General Term were right in reversing the judgment, and some exceptions to the refusal of the trial court to find certain specified facts would seem to justify that action, it remains true that it was error to render final judgment for the defendant because it was not clear that upon a new trial the plaintiff could not possibly recover. (*Ehrichs* v. *De Mill*, 75 N. Y. 370; *Thomas* v. *N. Y. Life Ins. Co.*, 99 id. 250.)

The only ground upon which such an impossibility can be asserted is the land grant proceeding, which is matter of record. Every other fact in the case is open and at large, and

may be disputed by further proof. I do not regard the petition for the land grant as necessarily conclusive. It contains no direct admission that the road is a public highway, or has been dedicated to the public use. But, indirectly and inferentially, it is claimed to make such an admission. The petition recites that the old dock had always been used as a landing by the public; that it is a great public convenience, and necessary for the purposes of commerce; and that it is needed in order that the public and others may pass from the mainland to the contemplated dock. These statements bear very strongly upon the intent of the petitioners and are difficult to answer, but they are to be considered in connection with the surrounding facts, and, so considered, are not necessarily conclusive. They do not touch the question of acceptance by the public authorities before a revocation. They are evidence bearing on the intent of the owners — strong evidence, I concede — but not beyond the possibility of answer or explanation.

While, therefore, a final judgment was erroneous, we have still before us the inquiry whether a reversal of the judgment of the Special Term was justifiable at all. One of the claims made on behalf of the defendant was that in 1853 the. owner of Glen island " entered upon the place on Neptune island, where the Starin boat landing now is, and constructed the same, which is a substantial inclosure; and he and his grantees have continued in the occupation of the premises from that time until the commencement of this action." The court was asked to find that fact and refused, and was requested to find a similar occupation, beginning in 1857, which also was refused. To these refusals exceptions were taken. There is not the least doubt about these facts. The occupation referred to was not at all disputed, but was continuous from 1853 to the present time. It seems not to have been by any license or permission, but under a claim of right. This refusal was an error if the fact sought was material. It seems to me that it was very material. If there was, by the owners of Glen island, a continuous uninterrupted occupation of the landing place and of the ferry for over forty years, not by permission given, but

under a claim of right, it is one of the most important facts in the case, for that adverse occupation of the ferry landing can with difficulty be severed from the right of way to the mainland. Without that right of way the ferry landing was useless for any purpose, except by some uncertain permission, and the refusal of the Special Term to find the main fact leaves it doubtful what the conclusion as to the right of way would have been if the facts as to the landing had been admitted and due weight given to them. We are not satisfied with the conclusions of the Special Term as to the right of way claimed to have been vested in the owners of Glen island, and so are of the opinion that a reversal was justified. We refrain purposely from a discussion of the facts in detail in order that the new trial to be awarded may not be unnecessarily prejudiced.

The judgment of the General Term should be modified so as to reverse that of the Special Term and order a new trial, and as modified should be affirmed, with costs to abide the event.

All concur, except HAIGHT, J., not sitting.

Judgment accordingly.