THOMAS J. CANAVAN, an Infant, by Guardian ad Litem, Appellant, *v.* ROBERT VAN R. STUYVESANT et al., Respondents.

APPEAL — REVERSAL BY GENERAL TERM — NEW TRIAL. On appeal from a judgment of a late General Term reversing a judgment in favor of an infant for damages for personal injuries alleged to have been suffered through the negligence of the defendants as owners of leased premises, and dismissing the complaint upon the merits, where there had been a motion for a new trial on the grounds that the verdict was against the weight of evidence and excessive, and the order of reversal did not state whether it was based on the law or the facts, *held,* that the reversal should be modified so as to order a new trial — it not appearing that other evidence might not be in existence which might materially change the facts.
*Canavan* v. *Stuyvesant,* 12 Misc. Rep. 74, modified.

(Argued June 18, 1897; decided October 12, 1897.)

APPEAL from a judgment of the Court of Common Pleas for the city and county of New York, entered May 8, 1895,

reversing a judgment in favor of plaintiff entered upon a verdict, and dismissing the complaint upon the merits.

The nature of the action and the facts, so far as material, are stated in the opinion.

*John Jeroloman* for appellant.   The court below could not review any questions of fact in this case or entertain the motion for a new trial on the minutes.   There is no statement in the case on appeal that the case contains all the evidence. (*Randall* v. *N. Y. E. R. R. Co.,* 76 Hun, 427; *Koehler* v. *Hughes,* 73 Hun, 167; *McAvoy* v. *Cassidy,* 8 Misc. Rep. 595; *Hyman* v. *Friedman,* 45 N. Y. S. R. 636; *Upington* v. *Pooler,* 47 N. Y. S. R. 30; *Aldridge* v. *Aldridge,* 120 N. Y. 614–616; *Katz* v. *Koster,* 6 Misc. Rep. 327; *Cheney* v. *N. Y. C. & H. R. R. R. Co.,* 16 Hun, 415; *Spring* v. *C. M. L. Assn.,* 38 N. Y. S. R. 968; *Spence* v. *Chambers,* 39 Hun, 193; *Mullinhoff* v. *Scherer,* 15 Civ. Proc. Rep. 160; *McCarthy* v. *Gallagher,* 4 Misc. Rep. 188.)   The premises in question being a tenement house containing more than three families, the defendants had the right at all times to enter and make repairs, and were in duty bound to keep them in good, tenantable order and condition and the yards free from nuisances.   (L. 1887, ch. 84; *Henkel* v. *Murr,* 31 Hun, 28; 2 McAdam on Landl. & Ten. 185–193; *Doyle* v. *Lord,* 64 N. Y. 436.)   The defendants were the owners and landlords of the premises, and as such were in duty bound to keep the yards in a proper and safe state and condition at all times for the use and enjoyment of the tenants and their children, the same being appurtenant to the premises.   (*Doyle* v. *Lord,* 64 N. Y. 432.)   The Laws of 1887, chapter 566, make it mandatory upon owners and landlords to protect open areas. (*Driscoll* v. *Mayor, etc.,* 11 Hun, 101; *Timlin* v. *S. O. Co.,* 126 N. Y. 514, 525; *Embler* v. *Town of Wallkill,* 132 N. Y. 222.)   A landlord of a tenement house is bound to keep the yards, halls, stairways, oilcloth, walls, ceilings, roof, coal holes, etc., in proper repair and safe condition, and is chargeable in damages to any one injured by a failure to do so, for maintain-

ing a nuisance upon his premises. (*Dollard* v. *Roberts*, 130 N. Y. 269; *Henkel* v. *Murr*, 31 Hun, 28; *Palmer* v. *Dearing*, 93 N. Y. 7; 2 McAdam on Landl. & Ten. 185, 191, 193; *Jennings* v. *Van Schaick*, 20 Abb. [N. C.] 324; 108 N. Y. 530; *Peil* v. *Reinhart*, 127 N. Y. 381; *Ahern* v. *Steele*, 115 N. Y. 203; *Timlin* v. *S. O. Co.*, 126 N. Y. 514.) It was not *per se* negligence on the part of the plaintiff's parents to allow plaintiff to play in the yard with his sister and other children. (*Kunz* v. *City of Troy*, 103 N. Y. 344; *McGarry* v. *Loomis*, 63 N. Y. 104; *McGuire* v. *Spence*, 91 N. Y. 306; *Birkett* v. *K. I. Co.*, 110 N. Y. 504; *Ames* v. *B., etc., R. R. Co.*, 4 N. Y. Supp. 803; *Canavan* v. *Stuyvesant*, 7 Misc. Rep. 113; *Schmidt* v. *Cook*, 4 Misc. Rep. 85.) The defendants were bound to assume and know that young children were likely to be at play in these yards, and that these cellar doors and areas would become the scene of their exploit and sports. (*Earl* v. *Crouch*, 32 N. Y. S. R. 13; *Kunz* v. *City of Troy*, 104 N. Y. 344; *Schmidt* v. *Cook*, 4 Misc. Rep. 85; *Earl* v. *Crouch*, 40 N. Y. S. R. 847.) The parents of the plaintiff are not chargeable with negligence in allowing him to play in either the front or rear yards with his four-years-old sister, or other children. (*Weil* v. *D. D., E. B. & B. R. R. Co.*, 119 N. Y. 147; *Birkett* v. *K. I. Co.*, 110 N. Y. 506; *Kunz* v. *City of Troy*, 104 N. Y. 344; *Stackus* v. *N. Y. C. & H. R. R. R. Co.*, 79 N. Y. 464; *Meagher* v. *C. & C. V. R. R. Co.*, 75 Hun, 455; *Schmidt* v. *Cook*, 4 Misc. Rep. 85; *Ihl* v. *F. S. S. & G. S. F. R. R. Co.*, 47 N. Y. 317; *McGarry* v. *Loomis*, 63 N. Y. 104.) The damages are not excessive, and the motion to set the verdict aside for that reason was properly denied. (*Minick* v. *City of Troy*, 19 Hun, 253; 83 N. Y. 514; *Althouse* v. *Sharpe*, 13 Wkly. Dig. 478; *Herbst* v. *V. O. Co.*, 40 N. Y. S. R. 558; *Gale* v. *N. Y. C. & H. R. R. R. Co.*, 13 Hun, 1; 76 N. Y. 594; *Valentine* v. *B. & S. A. R. R. Co.*, 16 N. Y. S. R. 602; *Rockwell* v. *T. A. R. R. Co.*, 64 Barb. 438; *Harrold* v. *N. Y. E. R. R. Co.*, 24 Hun, 184; *Commerford* v. *A. A. R. R. Co.*, 8 Misc. Rep. 599; *Solarz* v. *M. R. Co.*, 8 Misc. Rep. 656; *Dike* v. *E. R. Co.*, 45 N. Y. 113.) An appeal

lies to the Court of Appeals when the General Term reverses and directs judgment absolute for the defendant. (*Goodwin* v. *Conklin*, 85 N. Y. 21; Code Civ. Pro. § 1338.) The court below committed no error prejudicial to the defendants, and, therefore, the verdict and judgment entered thereon should be affirmed with costs. (*Ehrgott* v. *Mayor*, *etc.*, 96 N. Y. 264; *Edgecomb* v. *Buckhout*, 146 N.Y. 332.) The General Term was not warranted in reversing, upon the ground that, in its opinion, the trial court should have reached a different conclusion. (*Baird* v. *Mayor*, *etc.*, 96 N. Y. 567; *Lowery* v. *Erskine*, 113 N. Y. 55; *Hewlett* v. *Elmer*, 103 N. Y. 156; *Hays* v. *Miller*, 70 N. Y. 113.) The defendants let the premises with a nuisance upon it, and are liable as for maintaining a nuisance. (*Ahern* v. *Steele*, 115 N. Y. 203; *Timlin* v. *S. O. Co.*, 126 N. Y. 514.)

*J. Langdon Ward* for respondents. The court below was right in reversing the judgment of the Trial Term, because, as to both causes of action, there was shown contributory negligence on the part of the plaintiff's parents, which must be attributed to him, and the court should have directed a verdict for the defendants, as requested. (*Kunz* v. *City of Troy*, 104 N. Y. 344; *Lehman* v. *City of Brooklyn*, 29 Barb. 234; *Hartfield* v. *Roper*, 21 Wend. 615.) No cause of action in favor of the plaintiff and against the defendants arose in respect of either alleged accident. (*McAlpin* v. *Powell*, 70 N. Y. 126; *Cusick* v. *Adams*, 115 N. Y. 55; *Ivay* v. *Hedges*, L. R. [9 Q. B. Div.] 80; *Ryan* v. *N. Y. C. R. R. Co.*, 35 N. Y. 210; *Jex* v. *Straus*, 122 N. Y. 293.)

Haight, J. This action was brought to recover damages for personal injuries received by the plaintiff through the alleged negligence of the defendants.

The plaintiff resided with his parents at No. 341 East Thirteenth street in the city of New York. The premises were owned by the defendants and rented as a tenement house, the plaintiff's father occupying one of the apartments. There

were front and rear yards inclosed by fences. In the front yard there was a cellarway covered by two doors, which, when closed, were nearly flat and rested on stone walls. In one of the doors two boards had been broken out at the edge and within eighteen inches of the foot, leaving a hole about nine by twelve inches in size. This hole had existed from six weeks to two months, and the attention of the janitor employed by the defendants had been called thereto. In the rear yard there was an area about three feet by four feet in size and six feet deep, in front of a window opening into the cellar. The area had been covered by an iron grating resting upon a stone wall surrounding the area, but it had become so worn that the grating often became displaced. It had fallen into the areaway, which had remained open for about two months. The defendants' collecting agent's attention had been called thereto, and he had been requested to have the grating repaired so that it would stay in place. Both the front and the rear yards had been used by the children of the tenants as play grounds.

On the first day of July, 1891, the plaintiff, then an infant two years and three months of age, was in an adjoining yard. He was seen to crawl through the fence or railing between the yards at a point where some of the rails were out, and enter the yard in front of his residence. The cellar door with the broken boards was closed; the other one was open. After entering the yard he stepped upon the cellar door, walked diagonally across it, stepped into the hole broken through the door, fell through the open doorway into the cellar and fractured a bone in his wrist. He was unattended at the time of the accident. On the 4th day of November thereafter he was at play in the rear yard in company with a sister a year and a half older. She tossed a ball over his head, and he, in going back for it, fell into the area, receiving injuries which it is claimed have crippled him for life. The father was away from home, and the mother was engaged with her work in the house at a place where she could see her children in the yard through a window. The jury awarded the plaintiff as

damages for the first injury one hundred dollars; for the second, seven thousand six hundred dollars. A motion for a new trial was made upon various grounds, among which was the claim that the verdict was against the weight of evidence and that it was excessive.

The General Term, in reversing the judgment, has not stated in its order whether the reversal was based upon the law or the facts; and had it followed the usual practice of ordering a new trial, no question would have been presented by this appeal for our review. (*Wright* v. *Hunter*, 46 N. Y. 409; *Chapman* v. *Comstock*, 134 N. Y. 509; *Mickee* v. *W. A. Wood M. & R. M. Co.*, 144 N. Y. 613; *Hoes* v. *Edison General Electric Company*, 150 N. Y. 87.)

Questions arising with reference to verdicts which are claimed to be excessive, or against the weight of evidence, are final in the General Term, and cannot be reviewed by this court. The General Terms were invested with broad powers with reference to the granting of new trials, even extending to cases in which they were satisfied that the verdict was against the weight of evidence, or was unjust. (*Roberts* v. *Tobias*, 120 N. Y. 1; *Hamilton* v. *Third Avenue R. R. Co.*, 53 N. Y. 25–27.)

We are not, however, satisfied with the action of the General Term in ordering final judgment upon the merits, even if the evidence was not sufficient to justify the submission of the case to the jury, a question which we do not now decide. We are unable to say that other evidence may not be in existence which may materially change the facts with reference to these transactions. We, therefore, think that a new trial should have been ordered.

The judgment should be modified so as to order a new trial, and as so modified affirmed, with costs to abide the event.

All concur, except GRAY, J., absent.

Judgment modified.