John New, Appellant, *v.* The Village of New Rochelle, Respondent.

1. Appeal — Final Judgment upon Reversal.   To justify an appellate court in rendering final judgment against the respondent upon the reversal of a judgment it is not sufficient that it is improbable that the defeated party can succeed upon a new trial, but it must appear that he certainly cannot.

2. Unwarranted Dismissal of Complaint on Reversal of Judgment.   A late General Term, on properly reversing a recovery of the amount paid on an invalid local assessment, on the ground that the payment was voluntary, had no power, under section 1317 of the Code of Civil Procedure, to dismiss the complaint instead of granting a new trial, where for aught that appeared further evidence might be produced which would warrant the conclusion that the payment was not voluntarily made.

*New* v. *Village of New Rochelle*, 91 Hun, 214, modified.

(Submitted December 13, 1898; decided January 10, 1899.)

Appeal, by permission, from a judgment of the late General Term of the Supreme Court in the second judicial department, entered January 22, 1896, reversing a judgment of the County Court of Westchester county in favor of the plaintiff, and dismissing the complaint upon the merits.

This action was brought to recover fifty-four dollars and seventy cents, the amount of an assessment levied upon the plaintiff's property by the defendant for resetting curbs on

6

the streets in front of his property, and which was paid by the plaintiff to the collector of the village.

The assessment was void upon the face of the proceedings. After it was levied, the trustees of the village caused a warrant to be issued for the collection thereof to the collector, whereby the collector was directed, after the expiration of sixty days from the date of the warrant, if the assessment was not paid, to collect the same by distress in the same manner as collectors of town taxes are authorized by law to do. While the warrant was in the hands of the collector, the plaintiff, not knowing that the assessment was invalid, but supposing it was enforceable, paid the same. By the charter of the village, assessments of this character were made liens upon the lots in front of which the work was performed, and the trustees were empowered, in case of non-payment, to sell the property.

The General Term held that the payment in question was voluntarily made, and that the plaintiff could not recover.

*C. H. & J. A. Young & Terry* for appellant. Payment of the assessment in the case at bar was involuntary and by coercion at law as the same was paid to an officer holding a warrant for its collection, which by its terms provided for the collection of the assessment by distress in case of non-payment within sixty days. This being so and the assessment being confessedly void the case at bar is maintainable, and the judgment in favor of the plaintiff was right. (*Vaughn* v. *Vil. of Port Chester*, 135 N. Y. 463; *Tingue* v. *Vil. of Port Chester*, 101 N. Y. 295; *People ex rel.* v. *Vil. of New Rochelle*, 83 Hun, 185.)

*Michael J. Tierney* for respondent. The payment was voluntary and appellant must fail. (*Wells* v. *City of Buffalo*, 80 N. Y. 253; *Phelps* v. *Mayor, etc.*, 112 N. Y. 221; *Trippler* v. *Mayor, etc.*, 125 N. Y. 617; *Peyser* v. *Mayor, etc.*, 70 N. Y. 501.) The General Term had the power to, and was justified in, dismissing plaintiff's complaint, if it appeared perfectly plain that no possible state of proof applicable to the

issue would entitle this plaintiff to a recovery on a new trial. (*Brackett* v. *Griswold*, 128 N. Y. 648; *Guernsey* v. *Miller*, 80 N. Y. 183.)

*Per Curiam.* We are satisfied with the determination of the learned General Term that the judgment of the County Court should be reversed, and with the reasons given for that conclusion. The court below, however, went farther and dismissed the complaint upon the merits. This, as we think, it had no power to do, under the circumstances, because it is not certain but what further evidence may be produced upon another trial that will so change the essential facts as to warrant the conclusion that the payment in question was not voluntarily made. The General Term had power to " reverse or affirm, wholly or partly," or to modify the judgment of the County Court, and " if necessary or proper," to grant a new trial. (Code Civ. Pro. § 1317.) The rule seems to be well settled that in order to justify an appellate court in rendering final judgment against the respondent upon the reversal of a judgment, it is not sufficient that it is improbable that the defeated party can succeed upon a new trial, but it must appear that he certainly cannot. (*Guernsey* v. *Miller*, 80 N. Y. 181; *Foot* v. *Ætna Life Ins. Co.*, 61 N. Y. 571; *Griffin* v. *Marquardt*, 17 N. Y. 28; *Edmonston* v. *McLoud*, 16 N. Y. 543.) In *Griffin* v. *Marquardt* (*supra*) Judge COMSTOCK said: " It is proper to say, and to say it with great distinctness, as the opinion of this court, that extreme caution ought to be exercised in refusing new trials where judgments are reversed. The discretion of the appellate court should be exercised in that direction only in cases where it is entirely plain, either from the pleadings or from the very nature of the controversy, that the party against whom the reversal is pronounced cannot prevail in the suit."

In *Foot* v. *Ætna Life Ins. Co.* (*supra*) the court said: " It is not sufficient to refuse a new trial, that it is highly improbable that the party defeated upon the appeal can succeed upon the new trial. It must appear that he certainly cannot."

In *Brackett* v. *Griswold* (128 N. Y. 644) there had been six trials, and the last was had on the same evidence given on the previous trials. The action had been pending for nearly twenty years, and the counsel had "substantially conceded by the course of the later trials that all the pertinent evidence available" had been procured. Under these circumstances, a judgment of reversal, which also dismissed the complaint on the merits in an action at law, was affirmed, but with the significant suggestion that "if there are any reasons why the plaintiff should have another trial, they can be presented to the Supreme Court on an application to modify its order, that being the proper tribunal to consider and determine such an application."

A distinction was formerly made in the exercise of the power to order absolute judgment against the respondent upon a reversal, between actions at law and suits in equity, as it was held that in the former it should affirmatively appear of inevitable necessity that the party could not succeed upon a new trial, and in the latter that it was only necessary that the appellate court should be satisfied that a final judgment would not work injustice. (*Muldoon* v. *Pitt*, 54 N. Y. 269.) This distinction, even if it were still recognized, would be of no importance in the case before us, for it is an action at law, but the distinction no longer exists, as we have recently held in *Benedict* v. *Arnoux* (154 N. Y. 715, 723), which leaves nothing to be said, either as to the general rule or the exception that was at one time made.

The evidence in the record now presented is so meagre as to suggest that the facts were not fully developed. We are unable to say that "no possible state of proof applicable to the issues" would "entitle the respondent to judgment." While it is probable that a second trial will not change the result, as this is not certain, we think that the judgment of the General Term of the Supreme Court should be so modified as to reverse that part thereof which dismisses the complaint, with costs, and to grant a new trial, with costs to abide event, and as thus modified affirmed, without costs to either party in this court.

All concur, except MARTIN, J., absent.

Judgment accordingly.