KATE HOWELLS, as Administratrix of WILLIAM H. HOWELLS, Deceased, Respondent, *v.* MATTHEW HETTRICK, Appellant.

1. APPEAL — JUDGMENT ABSOLUTE AGAINST RESPONDENT ON REVERSAL BY INTERMEDIATE COURT. To justify an intermediate court in rendering final judgment against the respondent upon the reversal of a judgment, it is not sufficient that it is improbable that the defeated party can succeed upon a new trial, but it must appear that he certainly cannot.

2. ASSIGNMENT OF INTEREST IN REAL ESTATE AS SECURITY — IMPROPER RECORDING — QUESTION WHETHER GRANTEE OF SUBSEQUENT DEED WAS A BONA FIDE PURCHASER — JUDGMENT ABSOLUTE ON REVERSAL BY APPELLATE DIVISION. On reversing a judgment in favor of the defendant, on determining that an assignment to the plaintiff by a third party, as security for a debt, of the assignor's interest in certain real estate, improperly recorded as a conveyance instead of as a mortgage, was a superior lien to a claim of the defendant upon the same interest, based upon a deed subsequently executed to him by the assignor, for the reason that the defendant was not a *bona fide* purchaser, in that he had actual notice of the plaintiff's assignment, it is not proper for the Appellate Division to render judgment absolute in favor of the plaintiff, where it is not certain, from the record, that the defendant cannot show on a new trial that he did not have actual notice of the plaintiff's assignment, unless it appears, that for some other reason, based upon unchangeable facts in the case, the defendant was not a *bona fide* purchaser.

3. NOT A BONA FIDE PURCHASER. In such a case, the fact that the consideration for the defendant's deed was the satisfaction of a judgment which he had recovered against the grantor, for an existing indebtedness, and did not involve the surrender of any right or security on his part, establishes, as matter of law, that he was not a *bona fide* purchaser, even if he had notice of the plaintiff's assignment, and entitles the plaintiff to judgment absolute on the reversal, by the Appellate Division, of a judgment in favor of the defendant.

*Howells* v. *Hettrick*, 13 App. Div. 366, affirmed.

(Argued June 22, 1899; decided October 3, 1899.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered June 3, 1897, upon an order reversing a judgment in favor of defendant entered upon a decision of the court on trial at Special Term and awarding judgment absolute for the plaintiff, respondent.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Charles Fox* for appellant. The Appellate Division should not have ordered final judgment upon the merits. It cannot be said that other evidence may not be obtained by the appellant to establish his position in reference to the matter in controversy. (*Canavan* v. *Stuyvesant*, 154 N. Y. 89; *Heller* v. *Cohen*, 154 N. Y. 299; *New* v. *Vil. of New Rochelle*, 158 N. Y. 41; *Benedict* v. *Arnoux*, 154 N. Y. 715; *Foster* v. *Bookwalter*, 152 N. Y. 166.) The exceptions of the respondent to the decision of the trial court are too general to be of any avail. (*Drake* v. *N. Y. I. Mine*, 156 N. Y. 92; *Thomas* v. *Hazard*, 120 N. Y. 634; *Ward* v. *Craig*, 87 N. Y. 550; *Wheeler* v. *Billings*, 38 N. Y. 263; *Newell* v. *Doty*, 33 N. Y. 83; *Daniels* v. *Smith*, 130 N. Y. 696.) The assignment to the appellant's intestate should have been recorded in a book of mortgages. (*Gillig* v. *Maass*, 28 N. Y. 215; *James* v. *Morey*, 2 Cow. 316; *Day* v. *Dunham*, 2 Johns. Ch. 189; *White* v. *Moore*, 1 Paige, 551; *Brown* v. *Dean*, 3 Wend. 208.) There was no actual notice proven to have been given to the respondent of the assignment to the appellant's intestate. (*Riley* v. *Hoyt*, 29 Hun, 114; *Wheat* v. *Lord*, 72 Hun, 447; *Jackson* v. *Van Valkenbergh*, 8 Cow. 264.) The appellant was a purchaser for a valuable consideration within the Recording Act. (*Ward* v. *Isbill*, 73 Hun, 552; *Wood* v. *Chapin*, 13 N. Y. 509; *L. F. Co.* v. *L. G. & F. Co.*, 82 N. Y. 477; *Page* v. *Waring*, 76 N. Y. 469; *Carey* v. *White*, 52 N. Y. 138; *Rector, etc.*, v. *Teed*, 120 N. Y. 586; *Westbrook* v. *Gleason*, 79 N. Y. 28; *De Lancey* v. *Stearns*, 66 N. Y. 157.)

*George W. Dease* for respondent. The defendant's deed of September 26, 1882, does not make him a *bona fide* purchaser under the Recording Act. (*Wood* v. *Robinson*, 28 N. Y. 564; *Dey* v. *Dunham*, 1 N. Y. Ch. 340; *De Lancey* v. *Stearns*, 66 N. Y. 159; *Bonne* v. *Chiles*, 10 Pet. 211; *Watkins* v. *Edwards*, 23 Tex. 447; *Parker* v. *Foy*, 43 Miss. 260;

*Dickerson* v. *Tillinghast*, 4 Paige, 216 ; *Weaver* v. *Barden*, 49 N. Y. 293.)

BARTLETT, J.  It is sought in this action to have an assignment to plaintiff's intestate in 1879 of the interest of Margaret W. Hettrick in the estate of the late John H. McCunn adjudged to be a superior lien to a claim made upon the same interest by defendant.

The assignment to plaintiff's intestate was executed and delivered about August 21st, 1879, as collateral security to a debt that is undisputed.

On the 5th of September, 1882, the defendant recovered a judgment against Margaret W. Hettrick for the sum of $2,683.22.

On the 11th of October, 1882, plaintiff's intestate recovered judgment against Margaret W. Hettrick for $2,391.25, the amount of his claim against her.

The assignment to plaintiff's intestate was not recorded as a mortgage, but by error was placed in a book of Conveyances.

On the 26th of September, 1882, Margaret W. Hettrick executed and delivered to the defendant a warranty deed which conveyed to him an undivided two seventy-fifth parts in fifteen certain parcels of land in the city of New York ; this conveyance was duly recorded.

The consideration for the deed was the satisfaction of the judgment recovered by the defendant against Margaret W. Hettrick September 5th, 1882, as aforesaid, which was recorded September 30th, 1882.

The premises, a portion of which was covered by the foregoing deed to defendant, were partitioned, and the sum of two thousand dollars, the share of Margaret W. Hettrick, is now held by the United States Trust Company as the fund involved in this action.

It is conceded that if the defendant took without actual notice of the assignment, and is a *bona fide* purchaser under his deed, that his claim upon the fund is superior to that of the plaintiff under her unrecorded assignment.

The opinion of the learned Appellate Division did not consider the sufficiency in law of the consideration which the defendant claims supports the conveyance to him, but held that the evidence establishes that the defendant is not a *bona fide* purchaser, because he had actual notice of the plaintiff's assignment, and reversed the judgment of the Special Term, rendering judgment absolute in favor of respondent.

We agree with the Appellate Division that the decision of the trial court is clearly against the weight of evidence, and its judgment was properly reversed (*Heller* v. *Cohen*, 154 N. Y. 309 ; *Foster* v. *Bookwalter*, 152 N. Y. 166, 168 ; *Benedict* v. *Arnoux*, 154 N. Y. 715), but we are not satisfied that plaintiff was entitled under this reversal upon the facts to judgment absolute, if it be assumed that defendant's deed rests upon a valuable consideration.

To justify an intermediate court in rendering final judgment against the respondent upon the reversal of a judgment, it is not sufficient that it is improbable that the defeated party can succeed upon a new trial, but it must appear that he certainly cannot. (*New* v. *Village of New Rochelle*, 158 N. Y. 41, and cases cited.)

The course of the trial below leads strongly to the conclusion that it is highly improbable the defendant, on a new trial, can succeed in showing he did not have actual notice of the plaintiff's assignment, but it is exceedingly doubtful if the record shows that he certainly cannot.

It, therefore, is necessary to consider the sufficiency, in law, of the consideration which the defendant claims supports the conveyance to him, and we will assume for the argument's sake that he took his deed without actual notice of plaintiff's assignment.

The nature of the consideration for this deed rests upon undisputed evidence.

The trial court found that it was the satisfaction of the judgment that defendant recovered against Margaret W. Hettrick September 5th, 1882. The complaint resulting in this judgment shows that the indebtedness was for money loaned

and property sold Margaret W. Hettrick years before. It is clear that the judgment represented an antecedent indebtedness of long standing.

In *DeLancey* v. *Stearns* (66 N. Y., at page 161), Judge RAPALLO said: " It has been held in numerous cases that one who, without notice of a prior unrecorded mortgage, takes a conveyance of land in payment of an existing debt or as security therefor, without giving up any security, divesting himself of any rights, or doing any act to his own prejudice on the faith of the title, before he has notice of the mortgage, is not a *bona fide* purchaser."

The surrender by defendant of the right to enforce his judgment just recovered as a consideration for a deed which was the absolute payment of the greater part of his claim, which for years had remained uncollected, was not divesting himself of any right or security to his own prejudice, but was the act of assuming a far more favorable position.

Within all the controlling cases in this state the defendant is not a *bona fide* purchaser, assuming he had no notice of the plaintiff's assignment. (*Dickerson* v. *Tillinghast*, 4 Paige, 215; *Evertson* v. *Evertson*, 5 Paige, 644, and cases cited; *Weaver* v. *Barden*, 49 N. Y. 286, 293; *Cary* v. *White*, 52 N. Y. 138; *Westbrook* v. *Gleason*, 79 N. Y. 28, and cases cited; *Young* v. *Guy*, 87 N. Y. 462.)

The judgment appealed from should be affirmed, with costs.

All concur.

Judgment affirmed.