JOHNSON v. CADILLAC MOTOR CAR CO.

(District Court, N. D. New York. July 13, 1912.)

NEW TRIAL (§ 164*)—GROUNDS—VERDICT.

Where the court directed a verdict for plaintiff on the answer to one of several special interrogatories submitted, without setting aside the answers to others which were in conflict, and thereafter such verdict was set aside as unsupported by the evidence, plaintiff having been deprived of his right to an exception, and to move to set aside the other findings in case the court had set aside the finding in his favor and directed a verdict for defendant, and it not appearing but that on a new trial additional facts might appear which would enable plaintiff to make a case for the jury, defendant was not entitled to judgment of dismissal, but a new trial would be ordered.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. § 333; Dec. Dig. § 164.*]

At Law. Action by E. Wells Johnson against the Cadillac Motor Car Company. On motion for an order setting aside the verdict and denying a new trial. Verdict set aside, and new trial granted.

See, also, 194 Fed. 497.

Henry V. Borst, of Amsterdam, N. Y., for plaintiff.

Marcus T. Hun, of Albany, N. Y., and William Van Dyke, of Detroit, Mich., for defendant.

RAY, District Judge. This action is to recover damages for the alleged negligence of the defendant in making and assembling a Cadil-

lac motor car, and putting it on the market by sale to a dealer for sale by such dealer to one who should purchase it for use, and who, having purchased same of such dealer, was seriously injured while using it by reason of one of its front wheels breaking down, and causing the overturning of the car. There was no contractual relation between the plaintiff and the defendant.

The defendant company purchased its wheels of the Schwarz Company, a reputable manufacturer of wheels, and such wheels had a good reputation. It was engaged in making and selling cars to dealers, who, in turn, sold to users. The court submitted certain questions to the jury and—

"the jury found (1) that the car was being carefully and properly driven by the plaintiff; (2) that the breaking down of the wheel was caused solely by the dead and dozy and consequently weak condition of the wood in the spokes of the wheel; (3) that such wood was not put in the wheel with the knowledge or consent of the defendant company; (4) and (5) that the defendant company did not know the Schwarz Company used such wood in the construction of its wheels generally, or in the construction of those it sold to it (the defendant). The jury also found (6) that the defendant company did not know of the weakness or defect in this wheel, and that such defects could not have been discovered in the exercise of ordinary care by any proved and known test or method of inspection, and that the defendant company did not willfully omit or neglect to exercise ordinary care in inspecting or testing the wheel in question after it came from the Schwarz Company by omitting to use ordinary and usual or known methods of inspecting or testing same. The jury expressly found that the defendant company did not 'put the car in question on the market with knowledge that the wheel in question was in a weak or defective condition by reason of unsuitable, weak, or dozy wood in the spokes.' To the following questions submitted to the jury it answered, 'No,' viz.: 'Did the Cadillac Company use or exercise due and proper care—that is, ordinary care—in purchasing its wheels of the Schwarz Company, and finishing and putting same on its automobiles, and giving them the test it did, and then putting them (the automobiles) on the market?'"

On this last answer of the jury the court directed a verdict for the plaintiff in the sum of $10,000, the amount of damage fixed by the jury.

A motion was made to set aside the verdict as contrary to and unsupported by the evidence, and the judge who presided at the trial granted the motion on the ground there was no sufficient evidence to support the only finding of negligence. In the opinion filed the court directed a new trial, but no order was entered, and subsequently the court entertained a motion to reconsider its determination to order a new trial, and has done so, and heard argument pro and con on that question. I am constrained to adhere to my former decision for the following reasons: On the findings made the court, instead of at once setting aside the finding of negligence, referred to directed a verdict for the plaintiff in the sum of $10,000. As this was what plaintiff desired, he entered no motion for a new trial or to set aside the other findings which were against him, but accepted the verdict. It put the plaintiff in the position of having a general verdict in his favor. He was in no position to complain of the other findings. The court at the close of the evidence could have directed a verdict for the de-

fendant, but did not. On the findings the court could have set aside the only finding of negligence and directed a verdict for the defendant, but it did not, and the court directed a verdict for the plaintiff which was entered and discharged the jury. If the court had set aside the finding and directed a verdict for the defendant, the plaintiff could have excepted and moved to set aside the other findings, and, if the motion had been denied, could have entered an exception. That right is gone. A verdict in his favor has been set aside, and in all such cases, both in the state court and in the United States court, where the practice of the state court must be followed in actions at law as near as may be, it is the universal practice to grant a new trial unless the court can see that on a new trial it would be impossible for the plaintiff to succeed. Here on the same facts this would be the result, but on a new trial additional facts may appear, and the plaintiff may be able to make a case or a case for the jury. On setting aside a verdict the Circuit Court of Appeals always grants a new trial, unless it appears that the case is such that the party cannot succeed in any event.

I think I would be unjust to this plaintiff should I deny him an opportunity to represent his case on a new trial. I fully realize the delay involved in a new trial, but, until the policy and practice of making a finality of the case on the record made on the first trial (assuming the verdict is not set aside for errors in the charge or erroneous rulings as to the admission or rejection of evidence) is settled by statute or the practice of the court, I feel compelled to follow the well-settled practice of granting a new trial when the verdict is set aside for the reason it is not supported by the evidence.

In Baylies on New Trials and Appeals (2d Ed.) p. 412, it is said:

"New trial on reversal. The Appellate Division upon reversing a judgment of the court below must grant a new trial, unless it is manifest that no possible proof applicable to the issue could entitle the respondent to recover. It must affirmatively appear that he cannot succeed upon a new trial. That it is improbable is not sufficient. Foot v. Ætna Life Ins. Co., 61 N. Y. 571; Goodwin v. Conklin, 85 N. Y. 21, 26; Capron v. Thompson, 86 N. Y. 418, 421; Gurnsey v. Miller, 80 N. Y. 181; Heller v. Cohen, 154 N. Y. 299 [48 N. E. 527]; Canavan v. Stuyvesant, 154 N. Y. 84 [47 N. E. 967]; Benedict v. Arnoux, 154 N. Y. 715 [49 N. E. 326]; Iselin v. Starin, 144 N. Y. 453 [39 N. E. 488]; New v. Village of New Rochelle, 158 N. Y. 41 [52 N. E. 647]; Howells v. Hettrick, 160 N. Y. 308 [54 N. E. 677]. Under sections 1022 and 1317 of the Code, the Appellate Division has the power upon reversal to award a new trial or grant to either party the judgment which the facts warrant; but this has reference only to facts which are conceded or undisputed, or established by official record, or have been found by the trial court. It is not the appropriate function of the appellate court to determine controverted questions of fact and render final judgment upon such determination. Benedict v. Arnoux, 154 N. Y. 715 [49 N. E. 326]; Snyder v. Seaman, 157 N. Y. 449 [52 N. E. 658]."

The cases cited sustain the statement, and the same rule must apply where the trial court itself sets aside the verdict rendered, whether directed on special findings of the jury, on the whole evidence in the case, or is a general verdict based on the whole evidence in the case. So long as the practice in the United States courts in actions at law must conform to the practice in the state court of the state where the

trial is had so far as may be, the disposition of cases where a verdict is set aside by the trial court for the reason it is not supported by the evidence must be made in accordance with the rules declared by the highest court of such state. In New York the practice and rule is well settled. Howells v. Hettrick, 160 N. Y. 308, 311, 54 N. E. 677, where the court said:

"We agree with the Appellate Division, that the decision of the trial court is clearly against the weight of evidence, and its judgment was properly reversed (Heller v. Cohen, 154 N. Y. 309 [48 N. E. 527]; Foster v. Bookwalter, 152 N. Y. 166, 168 [46 N. E. 299]; Benedict v. Arnoux, 154 N. Y. 715 [49 N. E. 326]), but we are not satisfied that plaintiff was entitled under this reversal upon the facts to judgment absolute, if it be assumed that defendant's deed rests upon a valuable consideration. To justify an intermediate court in rendering final judgment against the respondent upon the reversal of a judgment, it is not sufficient that it is improbable that the defeated party can succeed upon a new trial, but it must appear that he certainly cannot. New v. Village of New Rochelle, 158 N. Y. 41 [52 N. E. 647], and cases cited. The course of the trial below leads strongly to the conclusion that it is highly improbable the defendant, on a new trial, can succeed in showing he did not have actual notice of the plaintiff's assignment, but it is exceedingly doubtful if the record shows that he certainly cannot."

By R. S. (U. S.) § 914 (U. S. Comp. St. 1901, p. 684), it is provided:

"The practice, pleadings and forms and modes of proceeding in civil causes, other than equity and admiralty causes, in the Circuit and District Courts, shall conform, as near as may be, to the practice, pleadings and forms and modes of proceeding existing at the time in like causes in the courts of record of the state within which such Circuit or District Courts are held, any rule of court to the contrary notwithstanding."

See, also, 1 Rose's Code, 832, § 900, and Amy v. Watertown, 130 U. S. 304, 9 Sup. Ct. 530, 32 L. Ed. 947.

The verdict is therefore set aside, and a new trial granted.